[Civ. No. 16059. First Dist., Div. Two. Dec. 29, 1954.]

WILLIAM E. BRAYE et al., Plaintiffs, v. ROY A. JONES et al., Appellants; MARY LOUISE HILLS, as Executrix, etc., et al., Respondents.

[Civ. No. 16060. First Dist., Div. Two. Dec. 29, 1954.]

FRO SACCONE et al., Plaintiffs, v. ROY A. JONES et al., Appellants; MARY LOUISE HILLS, as Executrix, etc., et al., Respondents.

Holloway Jones and Jack M. Howard for Appellants.

Royal E. Handlos for Respondents.

NOURSE, P. J.—Braye and Saccone, who both had bought lots of real property from appellants, brought separate damage actions against them after a deed of trust signed by appellants in favor of respondent Henshaw had been foreclosed and the sale had included the lots the plaintiffs had purchased. In both actions appellants filed a cross-complaint against the respondents in which they alleged among other things that respondent Henshaw in an agreement of December 19, 1947, had undertaken to effect upon payment of $100 a partial reconveyance from the lien of said deed of trust of the property sold, which undertaking had been orally reaffirmed from time to time; that appellants had tendered the $100 but that respondent had refused to release said property so that the property had been sold, as the result of which appellants suffered special damages as claimed by the plaintiffs in the original actions and general damages. Respondent Henshaw's answers to the cross-complaints denied that he had agreed to continue to release lots in the tract after default in the payments secured by the deed of trust and among other things alleged such default, recording of a notice of breach and a trustee's sale. As a special defense Henshaw alleged that a judgment in a prior action, *Jones* v. *Henshaw*, entered on December 29, 1950, was res judicata of all the issues raised by appellants' cross-complaints. This special defense was tried separately under section 597, Code of Civil Procedure and upheld by the court. The sole question presented by cross-complainants' appeals, consolidated by order of this court, is whether the judgment of December 29, 1950, which became final when an appeal taken from it by plaintiff was dismissed for lack of prosecution, was correctly considered res judicata as to the issues of the cross-actions here involved.

A detailed consideration of the issues in the prior action is required. The first amended complaint in said action, the transcripts of which are in evidence, consists of two counts. The first count alleged in substance that the Joneses

in October, 1946, bought from the Henshaws a tract of land for $28,000, payable in installments and secured by deed of trust; that the trustees under said deed of trust had a notice of default recorded and a notice of sale published. That such was done without right because defendants Henshaw had promised to clear the title of all exceptions or credit plaintiffs with $2,500, which had not been done; that the tract had not been properly surveyed and mapped as promised, entitling plaintiffs to a credit of $876 and that because of the failure to clear exceptions additional credits in the amount of $4,316.02 were due; that therefore instead of the $18,716.67 claimed as due by defendants only $11,023.69 was due which sum had been tendered to the defendants, but which they had refused to accept. The second count states that in an agreement attached to the complaint defendants agreed to release from the lien of said deed of trust such lots as plaintiffs might request against payment of a sum according to a schedule contained in the agreement; that plaintiffs requested the release of certain lots requiring according to schedule a payment of $1,000; that the money entitling plaintiffs to reconveyance had been deposited with defendants; that defendants refused to reconvey; that if defendants should be unable to reconvey, plaintiffs, who had contracted to resell, would be damaged in the amount of $2,000. The prayer was in substance for an injunction pendente lite against foreclosure, which was granted, a determination of the validity of the deed of trust as lien on any part of the tract, a determination of the correct amounts due under the deed of trust, for specific performance of the agreement to reconvey and in case of failure to reconvey damages in the amount of $2,000.

The answer contains denials and allegations with respect to the first cause of action which need not be stated and with respect to the second cause of action it admitted that the letter regarding release of lots attached to the complaint had been signed and been sent to the Division of Real Estate to facilitate the sale of the property, that since October 13, 1948, until October 10, 1949, when the secured note became due, no amounts had been received for release of lots, that the release requested on February 22, 1950, had been refused because the whole amount of the note was due and plaintiffs were in default in the payment of taxes and assessments in violation of the deed.

830

The court found among other things that under the trust deed $16,091.67 was due, that plaintiffs had violated their duties under the trust deed with respect to real estate taxes and assessments, and as to the second cause of action that plaintiffs on February 22, 1950, had demanded a release of the lots involved, that defendants refused the reconveyance because the entire amount of principal was then due and plaintiffs were in default in the payment of principal and interest and of installments of taxes and assessments, and that other than hereinabove found the allegations of the second count were not true. The conclusions of law stated: (1) The amounts due to defendant Henshaw. (2) That the plaintiffs recover nothing as against defendants. (3) That the temporary injunction is dissolved.

It is undisputed that the tract of land purchased by appellants from Henshaw, the trust deed, the letter as to partial reconveyance and the default involved in the present case and in the prior case are the same and that the lots purchased by the plaintiffs Braye and Saccone were not included in the lots to which the second count of the prior action related. This is therefore a situation in which the causes of action are different but arise out of the same subject matter or transactions. In such cases questions of law and of fact actually litigated and determined in the prior action are conclusive between the parties in a subsequent action. (Rest., Judgments, §§ 68c, 70b; *Todhunter* v. *Smith*, 219 Cal. 690, 695 [28 P.2d 916].) The stated pleadings, findings and decision indicate that the question whether Henshaw had promised to release also when appellants would be in default and when the whole amount of the note would be due was an issue in both cases and was the ground or at least one of the grounds on which the decision that plaintiffs in the first action take nothing was based. There is a presumption that all matters in issue were submitted and decided (Code Civ. Proc., § 1963, subd. 18) and when the judgment is based on more than one ground the judgment is conclusive as to all supporting grounds, although one alone would have been sufficient to support it. (Rest., Judgments, § 68n; compare *Williams* v. *Southern Pac. Co.*, 54 Cal.App. 571, 579 [202 P. 356].)

Appellants do not seriously dispute any of the above propositions but contend mainly that by certain rulings and statements of the trial court the second cause of action had been eliminated as an issue in the prior action and that therefore the findings and decision as to said second cause of action

were immaterial and not res adjudicata in any sense. We do not agree. The matter referred to by appellants is that when plaintiffs in the first action were offering proof of their resale of lots and the damage caused by the failure to release them, the court, after some evidence had been received, ruled that it would sustain objections to further offers of similar evidence stating that the issue before the court was how much was due under the deed of trust and that even if plaintiffs might have an action for damages for breach of the duty to reconvey, such would not reduce the amount secured by the deed of trust. Asked whether this ruling precluded interrogation under the second cause of action the court said that he did not wish to pass on it as he was not immediately familiar with it but that if it related only to the matters stated by plaintiffs' attorney that would be so. There was no order striking the second cause of action nor any stipulation that said second cause of action was withdrawn. To the contrary, plaintiffs made an offer of proof with respect to the resales, failure to release and damages contained in the second cause of action. There was therefore only a ruling of the court as to admissibility of evidence not consented to by plaintiffs. This did not eliminate the second cause of action from the case. The court was not bound by it and could change its position on it at any time. It did so in making its final decision, findings and conclusions of law. It must be noted that for the court's decision that there was no duty to reconvey because plaintiffs were in default none of the excluded evidence was relevant. The language of the agreement and the fact of the refusal to reconvey were undisputed; the matters relating to plaintiffs' default were tried and findings made on them also in the first cause of action. The question decided by the court was in issue and litigated. For a question to have been litigated it is not always necessary that witnesses have been heard with respect to it.

Appellants also contend that the above decision cannot be res judicata because it is wrong because a release clause remains in force also after default. (*Sacramento S. F. L. Co. v. Whaley*, 50 Cal.App. 125, 136 [194 P. 1054].) Matters decided in a judgment which has become final are equally res judicata whether decided correctly or erroneously. (15 Cal.Jur. 104.) It may, however, be stated in passing that the special formulation of the release agreement in this case, which gives the debtor a right to request release only, leaves

more room for a right to refuse on reasonable grounds than the formulation in the case cited.

Judgments affirmed.

Dooling, J., and Kaufman, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 24, 1955. Carter, J., was of the opinion that the petition should be granted.