[No. B201105. Second Dist., Div. Three. Jan. 18, 2008.]

PAUL ANTON ZEVNIK et al., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
RAYONIER INC. et al., Real Parties In Interest.

**COUNSEL**

Gibson, Dunn & Crutcher, James P. Fogelman, Sarah R. Wetzstein and J. Christopher Jennings for Petitioner.

No appearance for Respondent.

Pillsbury Winthrop Shar Pittman, Robert L. Wallan, John M. Grenfell, Kimberly L. Buffington and Gevik M. Baghdassarian for Real Parties In Interest.

## OPINION

**CROSKEY, J.**—Paul Anton Zevnik, Michel Y. Horton, Morgan Lewis and Bockius LLP (MLB), and Zevnik Horton LLP (collectively Petitioners) are defendants in a legal malpractice action brought by their former clients Rayonier Inc. (Rayonier), and Southern Wood Piedmont Company (Southern Wood). The alleged malpractice arises from Petitioners' concurrent representation of Rayonier, Southern Wood, ITT Industries, Inc. (ITT), and ITT Fluid Technology Corporation (ITT Fluid) as coplaintiffs in an insurance coverage action. Rayonier and Southern Wood moved to disqualify Petitioners as counsel for ITT and ITT Fluid in the insurance coverage action based on alleged conflicts of interest and violations of professional responsibilities. The trial court denied the motion based on both the merits and on laches. We affirmed the denial based on laches, and did not reach the merits. Petitioners then moved in this malpractice action to determine the collateral estoppel effect of our opinion in the insurance coverage action, arguing that facts determined by the trial court in the insurance coverage action with respect to the merits of the disqualification motion are conclusively established for purposes of this malpractice action. The trial court denied the motion. Petitioners filed a petition for writ of mandate or prohibition in this court, challenging the denial.

We conclude that the governing rule of law is that if a trial court relies on alternative grounds to support its decision and an appellate court affirms the decision based on fewer than all of those grounds, only the grounds relied on by the appellate court can establish collateral estoppel. In so holding, we agree with the rule of law stated in *Newport Beach Country Club, Inc. v. Founding Members of Newport Beach Country Club* (2006) 140 Cal.App.4th 1120 [45 Cal.Rptr.3d 207] (*Newport Beach*) and *Butcher v. Truck Ins. Exchange* (2000) 77 Cal.App.4th 1442 [92 Cal.Rptr.2d 521] (*Butcher*). We conclude that *People v. Skidmore* (1865) 27 Cal. 287 (*Skidmore*), which has been cited in support of a contrary rule, is not on point and should not be extended to apply in these circumstances.

### FACTUAL AND PROCEDURAL BACKGROUND

Rayonier, Southern Wood, ITT, and ITT Fluid are coplaintiffs in an insurance coverage action that was commenced in September 1991. Petitioners represented the plaintiffs jointly pursuant to the terms of a written agreement. Disputes arose between Rayonier and Southern Wood on one side and ITT and ITT Fluid on the other concerning the division of settlement proceeds. They participated in an arbitration of those disputes in the State of

New York, resulting in an award issued in May 2005. A federal court in New York confirmed the arbitration award.

Rayonier and Southern Wood filed a complaint against Petitioners in the United States District Court for the Central District of California in August 2005, alleging professional negligence and breaches of fiduciary duty arising from Petitioners' representation of the plaintiffs in the insurance coverage action. Rayonier and Southern Wood alleged that Petitioners had favored the interests of ITT and ITT Fluid over the interests of Rayonier and Southern Wood, and that Petitioners had violated State Bar Rules of Professional Conduct. Petitioners promptly moved to be relieved as counsel for Rayonier and Southern Wood in the insurance coverage action. Rayonier and Southern Wood then moved to disqualify Petitioners as counsel for ITT and ITT Fluid in the insurance coverage action.

Rayonier and Southern Wood voluntarily dismissed the federal action and filed their complaint in the present action in September 2005, alleging counts for breach of fiduciary duty, unjust enrichment, breach of contract, and negligence. The counts all arise from Petitioners' concurrent representation of Rayonier and Southern Wood together with ITT and ITT Fluid as coplaintiffs in the insurance coverage litigation.

The trial court in the insurance coverage action granted Petitioners' motion to be relieved as counsel for Rayonier and Southern Wood and denied the motion by Rayonier and Southern Wood to disqualify Petitioners as counsel for ITT and ITT Fluid. The court in a written order evaluated the merits of the disqualification motion and concluded that Rayonier and Southern Wood had failed to establish a basis for disqualification. The court also concluded that Rayonier and Southern Wood had delayed unreasonably in bringing the motion and that the motion therefore was barred by laches.

We affirmed the denial of the motion to disqualify based on laches alone and expressly declined to reach the parties' contentions concerning other grounds asserted by the trial court in support of its ruling. (*ITT Industries, Inc. v. Pacific Employers Ins. Co.* (Jan. 29, 2007, B187238) [nonpub. opn.].) We concluded that substantial evidence supported the factual findings made by the trial court in connection with its finding of laches. (*Ibid.*) We also stated, "That Rayonier and Southern Wood only first learned in 2004 of a specific purported breach of the duty of loyalty by counsel may be relevant for purposes of their malpractice action against the attorneys, but that fact is not relevant to nor does it excuse their delay in moving to disqualify counsel." (*Ibid.*)

Petitioners filed a motion for determination of collateral estoppel effect of court of appeal's decision affirming denial of Rayonier's motion to disqualify defendants in this action in March 2007. They argued that facts determined by the trial court in the order denying the motion to disqualify counsel in the insurance coverage action were conclusively established, and that those facts precluded any finding that they had breached a duty owed to Rayonier and Southern Wood and defeated each of the counts alleged in this action. They also argued that by quoting part of the order denying the motion to disqualify in our opinion, we impliedly endorsed and affirmed the factual findings contained therein.[1]

The trial court stated at the hearing on the motion that, as a matter of law, only the finding on which we based our decision—laches—could have collateral estoppel effect. The court also suggested that the disqualification motion and the present action did not involve the same issue because disqualification ultimately turns on considerations different from those that determine whether the lawyer failed to comply with the standard of care. The court denied the motion orally at the hearing and entertained Petitioners' suggestion to identify issues for proposed interlocutory review (Code Civ. Proc., § 166.1). On June 15, 2007, the court filed an order prepared by Petitioners denying the motion. The order identifies two issues for proposed interlocutory review, including (1) whether issues decided on a motion to disqualify counsel can be collateral estoppel in a malpractice action; and (2) whether collateral estoppel applies to each alternative ground supporting a trial court decision in these circumstances, or only to the ground on which the appellate court based its affirmance.[2]

Petitioners filed a petition for writ of mandate or prohibition in this court and requested an immediate stay of discovery. We stayed discovery and issued an order to show cause.

## CONTENTIONS

Petitioners contend if an appellate court affirms a trial court decision based on one of two alternative grounds relied on by the trial court, all of the issues decided by the trial court in connection with either ground of decision are

---

[1] Our prior opinion in the insurance coverage action plainly refutes the argument that we affirmed any factual findings other than those supporting the trial court's finding of laches. Accordingly, we need not discuss the argument further.

[2] In light of our conclusion that only the ground relied on by the appellate court in these circumstances can establish collateral estoppel, we need not address the first issue identified by the trial court and express no opinion on that issue.

conclusively established and binding as collateral estoppel. Petitioners also challenge the trial court's ruling on other grounds that we need not address.

## DISCUSSION

■ "Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them. Collateral estoppel, or issue preclusion, 'precludes relitigation of issues argued and decided in prior proceedings.' [Citation.]" (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896 [123 Cal.Rptr.2d 432, 51 P.3d 297].)[3] Res judicata precludes the relitigation of a cause of action only if (1) the decision in the prior proceeding is final and on the merits; (2) the present action is on the same cause of action as the prior proceeding; and (3) the parties in the present action or parties in privity with them were parties to the prior proceeding. (*Busick v. Workmen's Comp. Appeals Bd.* (1972) 7 Cal.3d 967, 974 [104 Cal.Rptr. 42, 500 P.2d 1386].) Res judicata bars the litigation not only of issues that were actually litigated in the prior proceeding, but also issues that could have been litigated in that proceeding. (*Id.* at p. 975.)

■ Collateral estoppel precludes the relitigation of an issue only if (1) the issue is identical to an issue decided in a prior proceeding; (2) the issue was actually litigated; (3) the issue was necessarily decided; (4) the decision in the prior proceeding is final and on the merits; and (5) the party against whom collateral estoppel is asserted was a party to the prior proceeding or in privity with a party to the prior proceeding. (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341 [272 Cal.Rptr. 767, 795 P.2d 1223].) Even if the minimal requirements for application of collateral estoppel are satisfied, courts will not apply the doctrine if considerations of policy or fairness outweigh the doctrine's purposes as applied in a particular case (*id.* at pp. 342–343), or if the party to be estopped had no full and fair opportunity to litigate the issue in the prior proceeding. (*Bostick v. Flex Equipment Co., Inc.* (2007) 147 Cal.App.4th 80, 97 [54 Cal.Rptr.3d 28]; *Gottlieb v. Kest* (2006) 141 Cal.App.4th 110, 148 [46 Cal.Rptr.3d 7].)

■ Thus, res judicata and collateral estoppel require three common elements: " '(1) A claim or issue raised in the present action is identical to a

---

[3] *Mycogen* stated: "While the term 'res judicata' has been used to encompass both claim preclusion and issue preclusion, we here use the term 'res judicata' only to refer to claim preclusion. As we have noted, 'The doctrine of collateral estoppel is one aspect of the concept of res judicata. In modern usage, however, the two terms have distinct meanings.' [Citation.]" (*Mycogen Corp. v. Monsanto Co., supra,* 28 Cal.4th at p. 896, fn. 7.) We will adopt the same usage of res judicata to mean claim preclusion and collateral estoppel to mean issue preclusion.

claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding. [Citations.]' [Citation.]" (*People v. Barragan* (2004) 32 Cal.4th 236, 253 [9 Cal.Rptr.3d 76, 83 P.3d 480].) Collateral estoppel also requires the additional elements that the issue to be precluded was actually litigated and necessarily decided. (*Lucido v. Superior Court, supra,* 51 Cal.3d at p. 341; *Taylor v. Hawkinson* (1957) 47 Cal.2d 893, 895–896 [306 P.2d 797].) The " 'necessarily decided' " requirement generally means only that the resolution of the issue was not " 'entirely unnecessary' to the judgment in the initial proceeding." (*Lucido, supra,* at p. 342.)

Difficult questions concerning whether an issue was "necessarily decided" arise when considering the preclusive effect of a trial court judgment that is based on alternative grounds, each of which was sufficient to support the judgment. The first Restatement of Judgments expressed the view that each alternative ground in those circumstances establishes collateral estoppel. (Rest., Judgments, § 68, com. n, pp. 307–308.) California opinions of that era followed the Restatement rule. (*Evans v. Horton* (1953) 115 Cal.App.2d 281, 286 [251 P.2d 1013]; *Braye v. Jones* (1954) 129 Cal.App.2d 827, 830 [278 P.2d 29] [citing the Restatement]; *Jackson v. Jackson* (1967) 253 Cal.App.2d 1026, 1038 [62 Cal.Rptr. 121].) The Restatement Second of Judgments, in a reversal of the American Law Institute's prior position, states that if a trial court judgment was based on alternative grounds, each of which was sufficient to support the judgment, none of the alternative grounds is collateral estoppel.[4] (Rest.2d Judgments, § 27, com. i, pp. 259–260.) We have found no California opinion on point dated after the Restatement Second. We express no opinion on this issue and note the issue only as a background to the somewhat related issue before us.

The issue presented here is the preclusive effect of a trial court decision based on alternative grounds, each of which was sufficient to support the decision, after an appellate court has affirmed the decision on only one of the

---

[4] The primary reasons commonly stated for denying collateral estoppel effect to any of the alternative and sufficient grounds for a trial court decision are (1) an alternative and sufficient ground for a decision might not receive the same degree of attention and scrutiny from the trial court as a sole ground for a decision; (2) alternative and sufficient grounds make reversal on appeal less likely and discourage appeals, so the opportunity to appeal does not provide sufficient assurance of the reliability of any of the alternative grounds; and (3) a contrary rule would encourage the filing of appeals solely in an effort to avoid the collateral estoppel effect of determinations on issues that may or may not arise in collateral litigation. (See *Halpern v. Schwartz* (2d Cir. 1970) 426 F.2d 102, 105–106; Rest.2d Judgments, § 27, com. i, p. 259.) Proponents of the rule that accords collateral estoppel effect to each of the alternative and sufficient grounds for a trial court decision dispute these points. (See Note, *Res Judicata Effects of Unappealed, Independently Sufficient Alternative Determinations* (1985) 70 Cornell L.Rev. 717; Note, *Alternative Grounds in Collateral Estoppel* (1984) 17 Loyola L.A. L.Rev. 1085.)

alternative grounds without deciding the other grounds. The first Restatement of Judgments and the Restatement Second of Judgments both express the view that only the ground relied on by the appellate court is collateral estoppel in these circumstances. (Rest., Judgments, § 69, com. b, p. 316; Rest.2d Judgments, § 27, com. o, p. 263.) Recent California opinions have adopted this rule. (*Newport Beach, supra,* 140 Cal.App.4th at p. 1132; *Butcher, supra,* 77 Cal.App.4th at p. 1460.)

■ *Butcher* followed *Moran Towing & T. Co. v. Navigazione Libera Triestina, S. A.* (2d Cir. 1937) 92 F.2d 37, 40 (*Moran Towing*), and section 27, comment o of the Restatement Second of Judgments. (*Butcher, supra,* 77 Cal.App.4th at pp. 1456–1457, 1460.) *Moran Towing* concluded that the "final decision" by the state court was that of the appellate court and that only the ground relied on by the appellate court was collateral estoppel. (*Moran Towing, supra,* at p. 40.) *Moran Towing* stated, "To treat as controlling the findings of a trial court when the appellate court upsets or disregards them and renders a decision of affirmance on different grounds furnishes parties to other litigations affected by the decision a false guide." *Moran Towing* stated that the judgment by the appellate court was based on the ground stated in the appellate court opinion, and that to regard the judgment as based on an alternative ground relied on by the trial court "seems to us the height of unreason." (*Ibid.*) After discussing *Moran Towing* and contrary authorities, *Butcher* stated: "[I]t would be unwise to follow a rule that looks only to the judgments, without taking account of the reasons for those judgments as stated in the appellate courts' opinions. . . . We hold that if a court of first instance makes its judgment on alternative grounds and the reviewing court affirms on only one of those grounds, declining to consider the other, the second ground is no longer conclusively established." (*Butcher, supra,* at p. 1460, fn. omitted.) *Newport Beach* discussed authorities on both sides of the issue and followed *Butcher*. (*Newport Beach, supra,* 140 Cal.App.4th at pp. 1126–1132.)

■ Thus, the rule followed in *Butcher, supra,* 77 Cal.App.4th 1442, and *Newport Beach, supra,* 140 Cal.App.4th 1120, effectively regards the judgment entitled to collateral estoppel effect as the judgment by the appellate court, which incorporates the determinations made by the trial court in support of the appellate court's stated ground of decision but does not incorporate the determinations made by the trial court in support of alternative grounds for the trial court decision that were not reviewed by the appellate court. We believe that this is a sound rule. In our view, after review by an appellate court, the final decision and the issues "necessarily decided" for purposes of collateral estoppel encompass only the grounds relied on by the appellate court. Apart from the reasons cited above, we find support for this conclusion in consideration of the important role of appellate review in ensuring the reliability of a determination.

The opportunity for review of a decision is an important procedural protection against a potentially erroneous determination and is a factor to consider in determining whether collateral estoppel applies. (*Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 829 [88 Cal.Rptr.2d 366, 982 P.2d 229] [judicial review of a contractual arbitration decision]; *Pacific Estates, Inc. v. Superior Court* (1993) 13 Cal.App.4th 1561, 1563–1564 [17 Cal.Rptr.2d 434] [appellate review of a trial court decision]; see Rest.2d Judgments, § 28(1), p. 273 [stating that issue preclusion cannot apply if the party to be precluded could not, as a matter of law, obtain review].) Appellate review provides a degree of assurance that the issue was correctly decided and enhances the reliability of the determination. When an appellate court declines to review a particular ground for a trial court decision, the reliability of that ground is not enhanced and is left in the same condition as if there had been no opportunity for review. The principal reason for an appellate court to decline to review alternative grounds for a trial court decision is judicial economy, which is a justification that we would not impugn. With regard to ensuring the reliability of a determination, however, an appellate court's failure to review an alternative ground on appeal has the same effect as the absence of an opportunity for review and, we believe, should result in no collateral estoppel as to that alternative ground.

Moreover, to accord collateral estoppel effect to alternative grounds relied on by the trial court after the appellate court affirmed on another ground and declined to review the alternative grounds would put pressure on appellate courts to review alternative grounds as a matter of course, in order to avoid the unintended consequence of establishing collateral estoppel on grounds that the appellate court did not review. This would dramatically increase the burden on appellate courts. Any benefit that might result from precluding the relitigation of issues in potential collateral litigation, which may or may not arise, would come at the cost of increasing the burden on the appellate court in the initial action. If an appellate court is aware of or anticipates collateral litigation and believes that to establish collateral estoppel on an alternative ground would be beneficial, the court may affirm the trial court judgment on more than one ground. (See Rest.2d Judgments, § 27, com. o, p. 263.)[5] The respondent on appeal may urge the court to do so. In our view, a blanket rule according collateral estoppel effect to each alternative and unreviewed ground for a trial court decision in these circumstances for the purpose of precluding relitigation of issues in collateral litigation is unnecessary and would be unwise.

---

[5] "If the judgment of the court of first instance was based on a determination of two issues, either of which standing independently would be sufficient to support the result, and the appellate court upholds both of these determinations as sufficient, and accordingly affirms the judgment, the judgment is conclusive as to both determinations." (Rest.2d Judgments, § 27, com. o, p. 263.)

We decline to follow the authorities suggesting that each of the alternative grounds relied on by the trial court is collateral estoppel after an appellate court affirmed the decision on only one ground and declined to decide the others. *Bank of America v. McLaughlin etc. Co.* (1940) 40 Cal.App.2d 620, 628–629 [105 P.2d 607] (*McLaughlin*), held that if a trial court judgment was based on alternative grounds each of which would independently support the judgment, and a reviewing court affirmed the judgment based only one of the alternative grounds and did not review the other grounds, all of the alternative grounds relied on by the trial court were conclusively determined for purposes of collateral estoppel. *McLaughlin* cited only 34 Corpus Juris (1924) Judgments, section 1190, page 773, and *State, ex rel. Squire v. Cleveland* (1937) 60 Ohio App. 395 [22 N.E.2d 223, 226] in support of the rule.[6] (*McLaughlin, supra,* at pp. 628–629.) *McLaughlin* quoted language from both sources, and offered no further analysis of the point: "This rule is stated in 34 C. J. 773 as follows: 'A general affirmance of a judgment on appeal makes it *res judicata* as to all the issues, claims, or controversies involved in the action and passed upon by the court below, although the appellate court does not consider or decide upon all of them.' Upon the same subject and to the same result, it was said in *State v. City of Cleveland,* 60 Ohio App. 395 [22 N. E. (2d) 223, 226]: 'However, it is universally held that a court speaks by its record or journal and not by its opinions, and nothing contained in the opinion of the Circuit Court of Appeals can affect the adjudication of the District Court, unless carried into the judgment of the reviewing court. The judgment of the Circuit Court of Appeals was an affirmance of the judgment of the District Court leaving that judgment in its entirety as a final and binding adjudication of the issues presented. (Citing cases.)' " (*McLaughlin, supra,* 40 Cal.App.2d at pp. 628–629.)

*Natural Soda Products Co. v. City of L. A.* (1952) 109 Cal.App.2d 440, 446 [240 P.2d 993], endorsed the rule from *McLaughlin, supra,* 40 Cal.App.2d 620, and pronounced it "beyond dispute" that this was the "general rule." *Natural Soda* cited both *McLaughlin* and *Skidmore, supra,* 27 Cal. 287, in support of the general rule. *Natural Soda* held, however, that the general rule was inapplicable in that case because the ground relied on by the trial court and not decided by the reviewing court was insufficient to support the trial court judgment as a matter of law. (*Natural Soda, supra,* at p. 446.)

*Skidmore, supra,* 27 Cal. 287, has been cited as authority for the rule stated in *McLaughlin, supra,* 40 Cal.App.2d 620, as we have noted. In our view, *Skidmore* involved res judicata rather than collateral estoppel and therefore is not on point. In *Skidmore,* the parties in the first action stipulated to submit the case to a referee who concluded based on the pleadings alone that the

---

[6] Corpus Juris cited *Skidmore, supra,* 27 Cal. 287, on this point, among other authorities. (34 C.J., *supra,* Judgments, § 1190, p. 773, fn. 42.)

plaintiff was not entitled to recover as a matter of law. (*Skidmore, supra,* at pp. 290–291.) The trial court in the first action entered a judgment based on the referee's report. (*Id.* at p. 291.) On appeal, the California Supreme Court affirmed the judgment based on misjoinder and stated that the judgment would not " 'preclude the plaintiff from suing again when the cause of action can be more formally set out.' " (*Id.* at p. 292, quoting *People v. Skidmore* (1861) 17 Cal. 261.)

 ■   The plaintiff then commenced a second action against the same defendants, alleging the same cause of action. (*Skidmore, supra,* 27 Cal. at p. 289.) The defendants in their answer alleged "a judgment in a former suit as a bar to the action." (*Ibid.*) The rule was then, and is now, that a prior judgment in favor of the defendant in another action is a bar to a subsequent action by the same plaintiff against the same defendant based on the same cause of action only if the judgment was on the merits. (*Gray v. Dougherty* (1864) 25 Cal. 266, 272; *Mid-Century Ins. Co. v. Superior Court* (2006) 138 Cal.App.4th 769, 776–777 [41 Cal.Rptr.3d 833].) *Skidmore* stated: "The record of the proceedings in the former suit is made part of the transcript by stipulation, and it appears, on comparing the two records, that the actions are identical in subject matter and parties. The only question, therefore, having any connection with the special defense, is whether the judgment in the former action was based upon the merits." (*Skidmore,* at p. 289.) Thus, the only question on appeal in the second action was whether the judgment in the first action was on the merits for purposes of res judicata, or claim preclusion. *Skidmore* stated that statement in the prior appellate opinion to the effect that the judgment was not res judicata was not binding authority. (*Id.* at p. 293.)

*Skidmore* stated that a judgment based on misjoinder alone would not be on the merits. (*Skidmore, supra,* 27 Cal. at p. 293.) *Skidmore* concluded, however, that the parties in the first action had submitted the issues of law and fact to the referee and that the judgment on the referee's report was on the merits of the claim. (*Id.* at p. 294.) *Skidmore* stated that the Supreme Court's affirmance of the judgment in the first action based on misjoinder only "was an affirmance to the whole extent of the legal effect of the judgment at the time when it was entered in the Court below. The Supreme Court found no error in the record, and therefore not only allowed it to stand, but affirmed it as an entirety, and by direct expression."[7] (*Id.* at pp. 292–293.)

---

[7] We question whether this formalistic view is consistent with the fundamental rule that an appellate court will affirm a judgment if it is correct on any ground, regardless of the trial court's stated reasons, and that an appellate court reviews the trial court's decision rather than the reasons for the decision. (*People ex. rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1119, fn. 4 [60 Cal.Rptr.2d 277, 929 P.2d 596]; *Davey v. Southern Pacific Co.* (1897) 116 Cal. 325, 329–330 [48 P. 117].) This fundamental rule strongly suggests that an appellate court affirming

*Skidmore* therefore concluded that the second action was barred and reversed a judgment in favor of the plaintiff. (*Id.* at pp. 287, 295.)

Thus, *Skidmore, supra*, 27 Cal. 287, held that a trial court judgment on the merits precluded a later claim on the same cause of action despite the fact that the judgment was affirmed on appeal based on only a procedural defect. *Skidmore* involved only res judicata, or claim preclusion. *Skidmore* did not discuss the requirements for collateral estoppel or conclude that the issues decided by the trial court were collateral estoppel.[8] In particular, *Skidmore* did not decide whether issues presented in the second action were actually litigated or necessarily decided in the first action. For these reasons and because *Skidmore* offered no compelling rationale applicable to collateral estoppel, we decline to extend the rule from *Skidmore* to collateral estoppel and express no opinion on its continuing validity.[9]

*Newport Beach* stated that *Skidmore, supra*, 27 Cal. 287, was the source of the rule stated in *McLaughlin, supra*, 40 Cal.App.2d 620, and that *Skidmore* was contrary to *Butcher, supra*, 77 Cal.App.4th 1442, and section 27, comment o of the Restatement Second of Judgments. (*Newport Beach, supra*, 140 Cal.App.4th at pp. 1126–1127, 1130.) *Newport Beach* concluded, however, that developments in the law after *Skidmore* and the California Supreme Court's acceptance of section 27 of the Restatement Second of Judgments on other points indicated that *Skidmore* was no longer viable, and that the California Supreme Court would adopt the rule from section 27, comment o of the Restatement Second of Judgments if faced with the issue today. (*Newport Beach, supra*, 140 Cal.App.4th at pp. 1131–1132.) We need not decide whether *Skidmore* retains viability because we read the opinion narrowly to apply only to res judicata, not collateral estoppel.

a trial court decision on a stated ground neither approves nor disapproves other grounds for the decision on which the appellate court expresses no opinion.

[8] The California Supreme Court has never cited or relied on *Skidmore, supra*, 27 Cal. 287, in any subsequent opinion. In *Martin v. Martin* (1970) 2 Cal.3d 752, 762–763 [87 Cal.Rptr. 526, 470 P.2d 662], the court expressly declined to decide whether an alternative ground for an order by a bankruptcy referee that was affirmed by the district court on another ground was collateral estoppel, without mentioning *Skidmore*.

[9] The Ninth Circuit Court of Appeals in *DiRuzza v. County of Tehama* (9th Cir. 2003) 323 F.3d 1147, 1153, concluded that *Skidmore, supra*, 27 Cal. 287, "supports the conclusion that an appellate court's affirmance for any reason implicitly ratifies all reasoning given in the court below." *DiRuzza* stated that *Skidmore* was "controlling" on the question of the collateral estoppel effect of issues decided by the trial court after a reviewing court's affirmance on different grounds. (*DiRuzza, supra*, at p. 1153.) For the reasons we have stated, we conclude that *Skidmore* is not controlling authority on this point.

## *DISPOSITION*

The petition is denied. The order to show cause is discharged, and the stay of discovery previously issued is lifted. Rayonier and Southern Wood are entitled to recover their costs in this writ proceeding.

Aldrich, P. J., and Klein, J., concurred.