**FLYING J, INC., a Utah corporation, Plaintiff–Appellant,**

v.

**Thomas PISTACCHIO, an individual; Delores Pistacchio, an individual; Central California Kenworth, Inc., a California corporation; John R. Lawson; John R. Lawson Rock & Oil Inc., Defendants–Appellees.**

No. 08–16200.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2009.

Filed Nov. 4, 2009.

■

* The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

Ronald S. Katz, Manatt Phelps & Phillips LLP, Palo Alto, CA, Steven D. McGee, Esquire, Kimble, Macmichael & Upton, Fresno, CA, Benjamin G. Shatz, Jack S. Yeh, Esquire, Manatt Phelps & Phillips, LLP, Los Angeles, CA, for Plaintiff–Appellant.

Daniel Patrick Leonard, Esquire, Baker Keener & Nahra, Los Angeles, CA, Nick Zinkin, Esquire, Zinkin & Bruce, William C. Hahesy, Esquire, Law Offices of William C. Hahesy, John Patrick Kinsey, Esquire, Sagaser, Jones & Helsley, Fresno, CA, for Defendants–Appellees.

Before: RYMER and TASHIMA, Circuit Judges, and LEIGHTON,* Judge.

## MEMORANDUM **

Flying J, Inc. appeals the district court's order dismissing its action against Thomas J. Pistacchio, Delores Pistacchio, Central California Kenworth, Inc., John R. Lawson, and Lawson Rock & Oil, Inc. We affirm.

Flying J is collaterally estopped from proving causation on any of its claims in light of the determinations made by the California Court of Appeal in *Flying J., Inc. v. California Transportation Commission,* No. F049247, 2007 WL 926648 (Cal.Ct.App. Apr. 24, 2007). We are guided by the preclusion law of California, and conclude that its threshold requirements are met. *See Lucido v. Superior Court,* 51 Cal.3d 335, 272 Cal.Rptr. 767, 795 P.2d 1223, 1225 (1990) (requiring that the issues are identical, must have been actually litigated in the former proceeding, and must

---

* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

have been necessarily decided in a decision that is final and on the merits).

Although Flying J points out that the former proceeding was in the nature of a mandamus seeking to invalidate the CTC's disapproval of a proposed conveyance to Flying J, whereas this proceeding seeks recovery for alleged improprieties and conspiratorial conduct by Pistacchio and Lawson, both actions arise out of the same events pertaining to Lawson's asserted conflict of interest and its effect on the CTC's 2003 and 2004 hearings. There is no dispute the Court of Appeal decision was final and on the merits. Likewise, the issues upon which this action turns were actually litigated and resolved by the Court of Appeal. As the court put it, "the most salient aspect of this case" is the fact that CTC reconsidered the proposed conveyance of the 20.5 acres to Flying J and refused to approve it in February 2004 when Lawson was no longer a member. *Flying J.*, 2007 WL 926648 at *7. Thus, Flying J's "argument about what it deems to be bias or impermissible interest of Lawson simply no longer mattered after the Commission decided in February of 2004, at the request of Flying J, to reconsider anew the proposed conveyance on its merits." *Id.* Further, the court found that CTC had discretion to conclude that the proposed conveyance would not be an "exchange" under its regulations, and the Commission was unwilling to approve the conveyance given how undervalued it was. *Id.* at *9. Finally, the court held the superior court's ruling that the February 2004 reconsideration cured any conflict of interest in the February 2003 proceeding was not error.[1] *Id.* at *11.

Flying J could not show that CTC's 2004 reconsideration failed to cure 2003 improprieties, or that Flying J was entitled to conveyance of the 20–acre parcel (which was conditioned on approval from the CTC), without contradicting these core determinations. Accordingly, Flying J is precluded from now establishing that the conduct alleged caused it harm.

AFFIRMED.

---

[1] Flying J. argues on appeal that these issues, even if litigated, were not necessary to the decision. However, this point is waived as it was not pursued in district court. In any event, we cannot say the issues were "entirely unnecessary" to the judgment. *Lucido*, 272 Cal.Rptr. 767, 795 P.2d at 1226; *Zevnik v. Superior Court*, 159 Cal.App.4th 76, 70 Cal. Rptr.3d 817, 821 (2008).