Filed 11/10/14  Samara v. Estate of Nahigian CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| RANA SAMARA,<br><br>　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>ESTATE OF STEPHEN NAHIGIAN, D.D.S,<br><br>　　　　Defendant and Respondent. | B248553<br><br>(Los Angeles County<br>Super. Ct. No. EC056720) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County, William D. Stewart Judge.  Affirmed.

　　　　Curd, Galindo & Smith and Alexis Galindo, for Rana Samara, Plaintiff and Appellant.

　　　　Taylor Blessey, N. Denise Taylor and Erica A. Levitt, for Estate of Stephen Nahigian, D.D.S., Defendant and Respondent.

_____

Rana Samara appeals from the judgment entered in this professional negligence case after the court granted summary judgment in favor of Dr. Stephen Nahigian on two grounds:  The action was barred by the statute of limitations, and Samara had failed to raise a triable issue of material fact as to causation.  Because Samara concedes summary judgment was proper on statute of limitations grounds, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Complaint*

On September 6, 2011 Samara filed a lawsuit against Dr. Nahigian and Dr. Haitham Matar for professional negligence/medical malpractice.  The first amended complaint alleged that on August 16, 2010 Dr. Nahigian negligently inserted a dental implant while performing oral surgery on Samara.  As a result of Dr. Nahigian's negligence, Samara suffered permanent nerve damage.  Samara alleged Dr. Nahigian was Dr. Matar's agent/employee when he performed the surgery.

2. *Dr. Nahigian's Motion for Summary Judgment*

Dr. Nahigian moved for summary judgment on three grounds:  (1) Samara could not demonstrate his conduct fell below the applicable standard of care or (2) caused her nerve damage, and (3) Samara's action against him was time-barred.  Dr. Nahigian submitted the declaration of Dr. Bach Le, an oral surgeon, who opined "to a reasonable degree of medical probability, that no negligent act or omission on the part of Dr. Nahigian caused or contributed to" Samara's injuries.

Samara opposed the motion, submitting with her opposition papers the declaration of Dr. Gregory Doumanian, who opined on the issues of negligence and causation.

The trial court granted Dr. Nahigian's motion for summary judgment, ruling Samara's action against Dr. Nahigian needed to be filed no later than August 18, 2011 and was time-barred under Code of Civil Procedure section 340.5.  Alternatively, Dr. Nahigian had met his burden on summary judgment to show Samara could not

2

establish the essential element of causation, and Dr. Doumanian's declaration failed to raise a triable issue of material fact on that issue.[1]

The court entered judgment in favor of Dr. Nahigian on February 6, 2013. Samara filed a timely appeal from the judgment.

## DISCUSSION

Samara does not challenge the trial court's ruling her action against Dr. Nahigian is time-barred, expressly limiting her appeal to its alternate ruling on the issue of causation. Her appellate brief argues her expert's declaration adequately raised a triable issue of material fact on the issue of causation and urges us to reverse the trial court's decision on that point to preclude any use of its finding by Dr. Matar under the doctrine of collateral estoppel. Because Samara concedes judgment was properly entered against her, we affirm. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 575-576 [judgments are presumed to be correct, and appellant bears burden of affirmatively proving prejudicial error]; *Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58 [same].) We need not, and do not, reach the court's alternative ground for granting summary judgment. (See *People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1119, fn. 4 [appellate court reviews propriety of trial court's judgment rather than its stated reasons for its decision]; *Citizens Business Bank v. Gevorgian* (2013) 218 Cal.App.4th 602, 628 ["[i]n light of our conclusion that AMG was entitled to judgment under the *Gluskin* theory, we need not and do not [address] . . . [the] alternative ground for the judgment discussed by the trial court in its statement of decision"].)[2]

---

[1] Dr. Matar also moved for summary judgment on statute of limitations grounds, but not on causation. The court denied Dr. Matar's motion, concluding, as to that issue, Samara's notice to Dr. Matar, unlike her separate notice to Dr. Nahigian, extended the limitations period by 90 days and rendered her lawsuit against Dr. Matar timely. (See Code Civ. Proc., § 364, subd. (d) [authorizing extension of limitations period in certain circumstances following notice of intent to sue health care provider].)

[2] Because the question is not before us, we also do not address whether collateral estoppel may be used with regard to an alternative ground for judgment not reviewed by the appellate court. (See generally *Zevnik v. Superior Court* (2008) 159 Cal.App.4th 76,

3

## DISPOSITION

The judgment is affirmed.  The Estate of Stephen Nahigian, D.D.S.,[3] is to recover its costs on appeal.



PERLUSS, P. J.

We concur:



ZELON, J.



SEGAL, J.[*]

---

86-88; *Newport Beach Country Club, Inc. v. Founding Members of Newport Beach Country Club* (2006) 140 Cal.App.4th 1120, 1132.)

[3]  Dr. Nahigian died while this action was pending.  His estate defended the appeal.

[*]  Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.