Filed 5/2/16  P. v. Perez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063047 |
| v. | (Super.Ct.No. RIF083008) |
| SAMUEL PEREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Dismissed.

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor, Tami Falkenstein Hennick and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Samuel Perez appeals from the trial court's denial of his petition to recall his sentence (Petition) filed pursuant to Penal Code section 1170.126.[1] However, this court has already ruled on his Petition. This court issued a Peremptory Writ of Mandate in case No. E059527 ordering the trial court to deny the Petition. The merits of defendant's Petition have already been resolved by this court. Defendant cannot file an appeal on an issue that has already been adjudicated by this court and the appeal will be dismissed on res judicata grounds.

## FACTUAL AND PROCEDURAL HISTORY[2]

In 1999, defendant was charged with animal cruelty and personal use of a firearm in connection with shooting a dog while trying to escape police. Defendant entered a guilty plea to animal cruelty and admitted he had suffered two prior serious or violent felony convictions, and one prior serious conviction. The firearm-use allegations were dismissed. He was sentenced to 30 years to life.

After his guilty plea, the voters passed Proposition 36, which is known as the Three Strikes Reform Act of 2012. It allows those who are subject to a Three-Strikes sentence who did not commit a violent or serious third offense to petition to be resentenced as a second strike offender. (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (e)(2)(C)(iii).) However, those who use a firearm to commit their third offense are not eligible for resentencing. (*Ibid*.)

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] A portion of the factual and procedural history has been drawn from the prior unpublished opinion (*P. v. Perez* (Nov. 14, 2014, E059527 [nonpub. opn.]).

Defendant filed his Petition on December 10, 2012. The People filed opposition. The People argued defendant could not file a petition to recall his sentence because he had entered into a plea agreement. The People additionally argued he was ineligible because he used a firearm during the commission of his offense. They insisted the trial court could consider the preliminary hearing transcript, which was stipulated by the parties to form the factual basis for the plea, to show that he used a firearm during the commission of his offense. Defendant's counsel filed a response. Defendant's counsel argued that he was eligible for resentencing because the People did not "'plead and prove'" a disqualifying factor, e.g. that he used a firearm.

The trial court found defendant eligible for resentencing because although it was undisputed that he used a firearm during his current offense, the statute required that the People plead and prove firearm use, which it failed to do in the case. The matter was continued in order for defendant to take classes to show he would not pose an unreasonable risk of danger to public safety.

The People filed a petition for writ of prohibition/mandate (writ of mandate) in this court. The People argued that the trial court erred in granting the Petition because (1) resentencing defendant violated the express terms of the plea agreement; and (2) he was disqualified from resentencing because he used a firearm during the commission of the commitment offense. This Court issued an order to show cause why the relief should not be granted.

Defendant filed a return to the writ of mandate. He claimed that even though he entered into a plea, he was entitled to file the Petition. He also insisted that the People

3

must plead and prove his use of a firearm in order for him to be ineligible. There was an admission that defendant's trial counsel stipulated to the use of the preliminary hearing transcript as the factual basis of the plea.

Prior to the resolution of the case, defendant was appointed new counsel who sought to amend the return to deny that the parties entered into the stipulation on the preliminary hearing transcript. This court denied the request to amend but allowed defendant to file additional briefing. Defendant filed additional briefing on August 13, 2014. In that briefing, defendant contended that the preliminary hearing was not admissible to prove his firearm use as it was inadmissible hearsay. The appropriate action was to remand the case to the trial court for it to determine eligibility based on relevant, reliable, and admissible portions of the record of conviction. The People filed a response arguing that this court could decide the issue in the writ of mandate because the preliminary hearing transcript was part of the record of conviction.

On November 14, 2014, this court filed a written opinion. This court found that defendant was not entitled to resentencing relief based on his use of a firearm, which made him statutorily ineligible. Based on the preliminary hearing transcript and the information, defendant was ineligible for resentencing because the record was clear that he used a gun during the commission of the current offense. Remand for the trial court to determine his eligibility was unnecessary. Moreover, after acknowledging the additional briefing submitted by defendant, we found that defendant's trial counsel "tacitly agreed that the preliminary hearing transcript could be used as a factual basis of the plea."

4

On November 25, 2014, defendant filed a petition for rehearing. Defendant contended rehearing was necessary because this court improperly relied upon the preliminary hearing transcript, which contained multiple levels of hearsay, to determine his ineligibility. The petition for rehearing was denied on December 4, 2014.

Defendant also filed a petition for review. The question presented was as follows: "Whether the uniform adoption of record of conviction analysis for determining disqualifiers in the Three-Strikes Reform Act . . . requires the application of long understood rules that such review be limited to reliable, admissible, and relevant portions of the record of conviction?" The petition for review was denied. Remittitur issued on February 24, 2015.

On March 2, 2015, this court issued a Peremptory Writ of Mandate order to the Riverside County Superior Court to set aside its finding that defendant was eligible for resentencing under section 1170.126 and to issue a new and different order denying his Petition.

The matter was heard in the trial court on March 4, 2015. Defendant's counsel noted that it disagreed with the decision, stating that there were worthy arguments not addressed but thought he could not make any additional arguments. The trial court responded, "I don't think you can. Based on the remittitur, the Court is going to follow the directions of the Court of Appeal which means [defendant's] petition for recall of sentence under [section] 1170.126 is denied based on his—he actually used his firearm and killed a dog." The trial court issued its order denying the Petition in compliance with

5

the remittitur.  Defendant filed his notice of appeal from "denial of Prop. 36 relief due to PC 667(e)(2)(C)(iii)."

## DISCUSSION

On appeal, defendant claims that because the prior opinion in case No. E059527 resulted from a manifest misapplication of exiting principles in light of the facts and the law, this court is authorized to "reconsider" the important question of whether the record of conviction demonstrates he "used" a firearm.  Initially, we are unaware of authority that allows defendant to appeal a case resolved on its merits based on a Peremptory Writ of Mandate, which completely disposed of the case.  Nonetheless, even if defendant could appeal, his claims are precluded under principles of res judicata.

"Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them."  (*Zevnik v. Superior Court* (2008) 159 Cal.App.4th 76, 82.)  "Res judicata precludes the relitigation of a cause of action only if (1) the decision in the prior proceeding is final and on the merits; (2) the present action is on the same cause of action as the prior proceeding; and (3) the parties in the present action or parties in privity with them were parties to the prior proceeding.  [Citation.]  Res judicata bars the litigation not only of issues that were actually litigated in the prior proceeding, but also issues that could have been litigated in that proceeding."  (*Ibid*.)

"'The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be

permitted to litigate it again to the harassment and vexation of his opponent. Public policy and the interest of litigants alike require that there be an end to litigation.'" (*Citizens for Open Access etc. Tide, Inc. v. Seadrift Assn.* (1998) 60 Cal.App.4th 1053, 1065.) "[R]es judicata benefits both the parties and the courts because it 'seeks to curtail multiple litigation causing vexation and expense to the parties and wasted effort and expense in judicial administration.'" (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 897, italics omitted.)

"As generally understood, '[t]he doctrine of res judicata gives certain conclusive effect to a former judgment in subsequent litigation involving the same controversy.' [Citation.] . . . 'In its primary aspect,' commonly known as claim preclusion, it 'operates as a bar to the maintenance of a second suit between the same parties on the same cause of action.'" (*People v. Barragan* (2004) 32 Cal.4th 236, 252, italics omitted.)

"'[I]n order for res judicata or collateral estoppel to apply there must be a *final* judgment or determination of an issue; that is, a judgment or determination that is final in the sense that *no further judicial act remains to be done to end the litigation*. [Citation.] These principles apply in criminal proceedings as well as civil.'" (*People v. Cooper* (2007) 149 Cal.App.4th 500, 520.)

Here, the Peremptory Writ of Mandate disposed of the case; it was final. Defendant was given the opportunity in the writ of mandate proceedings to file a return and supplemental briefing. Even defendant agrees that he is only seeking reconsideration of our prior opinion. Defendant insists that we did not address the hearsay issue in the prior opinion. The record establishes that the issue was before this court and it was

7

denied.  Since the issues raised on appeal are res judicata, and the judgment is final, the appeal will be dismissed.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


MILLER  
J.


We concur:


RAMIREZ  
P. J.


SLOUGH  
J.