NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In the Matter of:  POINT CENTER FINANCIAL, INC., <br><br> Debtor, <br><br> ------------------------------ <br><br> RICHARD M. KIPPERMAN, State Court Appointed Limited Post Judgment Receiver, <br><br> Appellant, <br><br> v. <br><br> HOWARD B. GROBSTEIN, Chapter 7 Trustee, <br><br> Appellee. | No.    20-55600 <br><br> D.C. No. 8:19-cv-02505-DSF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted April 14, 2021
Pasadena, California

Before:  M. SMITH and IKUTA, Circuit Judges, and STEELE,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John E. Steele, United States District Judge for the Middle District of Florida, sitting by designation.

Appellant Richard Kipperman challenges the bankruptcy court's classification of the Brewer Group's junior claim as unsecured. Because the parties are familiar with the facts, we do not repeat them here, except where necessary to provide context for our ruling. We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990). We have jurisdiction under 28 U.S.C. § 158, and we affirm.

1. The bankruptcy court did not err by determining the value of the senior claim, belonging to Pacific Mercantile Bank (PMB), on the date the petition was filed. The bankruptcy code instructs that the court "shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition[.]" 11 U.S.C. § 502(b). The bankruptcy court determined that PMB's claim was in the amount of $9.7 million as of the date of the petition.

2. The bankruptcy court also did not err by valuing debtor Point Center Financial (PCF) on the date the petition was filed.[1] "The statutory provision [11 U.S.C. § 506(a)(1)] setting out the general rule for valuing collateral[] does not specify the time or date as of which the valuation is to be made." 9C Am. Jur. 2d Bankr. § 2555

---

[1] *Dewsnup v. Timm*, 502 U.S. 410 (1992) does not apply here because Kipperman does not argue that the Brewer Group's liens are being voided under 11 U.S.C. § 506(d).

2

(2d ed. 2021). This reflects the judgment that "[t]he appropriate time as of which to value collateral . . . may differ depending on the facts presented, and bankruptcy courts are best situated to determine when is the appropriate time to value collateral in the first instance." *Id.* The bankruptcy court has broad discretion to determine the value of a claim "in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest." 11 U.S.C. § 506(a)(1). The bankruptcy appellate panel of this circuit has previously approved of the use of the petition date as the date of valuation in a similar context, and we see no reason to deviate from that here. *See In re Abdelgadir*, 455 B.R. 896, 903 (9th Cir. BAP 2011).

3.     Finally, the bankruptcy court did not err by excluding assets belonging to PCF's president Dan Harkey in valuing the collateral. Only a debtor's property becomes property of a bankruptcy estate, and only the property of a bankruptcy estate is part of collateral valuation for determining secured status. 11 U.S.C. § 506(a). PCF is the only debtor in this action, so property belonging to any other individual is not part of the bankruptcy estate. The state-court finding that Harkey was an alter-ego of PCF in unrelated litigation does not convert Harkey into a debtor for the purposes of this action, because "[c]ollateral estoppel precludes the relitigation of an issue only if [ ] the issue is identical to an issue decided in a prior

3

proceeding. . . ." *Zevnik v. Superior Court*, 70 Cal. Rptr. 3d 817, 821 (Ct. App. 2008). Whether Harkey is an alter-ego of PCF in other litigation is not "identical" to the issue of whether he is a debtor in this action.

The judgment of the district court is **AFFIRMED.**