Filed 7/30/15  Taylor Concrete Pumping Corp. v. Zippy's Currency X-Change CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TAYLOR CONCRETE PUMPING CORP. et al., | B256900 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC438252) |
| v. | |
| ZIPPY'S CURRENCY X-CHANGE, INC., et al., | |
| Defendants and Respondents; | |

APPEAL from an order of the Superior Court of Los Angeles County, Mark A. Borenstein, Judge.  Affirmed.

Lozoya & Lozoya and Frank J. Lozoya IV for Plaintiffs and Appellants.

Ryan Gordon; Lewis & Ham, Yoon Ham and Michael Lewis for Defendants and Respondents.

Gary Hixon, as assignee of the original judgment creditors, Taylor Concrete Pumping Corp. and Taylor Transportation, Inc. (collectively Taylor), appeals an order requiring him to file an acknowledgment of satisfaction of judgment. The trial court found that Taylor agreed in writing to accept less than the full amount of the judgment as payment in full and that the judgment debtors timely paid the agreed amounts. The court therefore granted a motion by judgment debtors Zippy's Currency X-Change, Inc. (Zippy's), Mark J. Zippert, and Carol Zippert (collectively Defendants) to compel an acknowledgment of satisfaction of judgment.

Hixon contends the trial court erred because (1) the motion was a collateral attack on the judgment, and the order granting the motion undermines the finality of the judgment; (2) the doctrines of res judicata and collateral estoppel preclude the relitigation of claims and issues that were conclusively decided in prior proceedings in this case and other cases; and (3) the motion was a disguised motion for reconsideration (Code Civ. Proc., § 1008, subd. (a)), and Defendants failed to satisfy the statutory requirements for such a motion.

We reject these contentions and conclude that the trial court properly ordered Hixon to file an acknowledgment of satisfaction of judgment. We therefore affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Complaint and Stipulation for Entry of Judgment*

Taylor filed a complaint against Defendants and others in May 2010, in this action, alleging that they had disposed of certain assets in anticipation of a judgment in a prior action (case No. 1).[1] Taylor alleged counts (1) to set aside fraudulent transfers,

---

[1] This action is one of at least four actions involving some of the same parties and related events, as explained in greater detail in our opinion in *Hixon v. Zippy's Currency X-Change, Inc.* (B256439), filed concurrently with this opinion. Case No. 1 refers to a prior action by Taylor against Zippy's, Mark J. Zippert, and others. Case No. 2 refers to the present action. Case No. 3 refers to a later action by Defendants against Hixon, and case No. 4 refers to a still later action by Hixon against Defendants and their attorneys.

2

and (2) for recovery of a claim under the bulk sales law. Taylor and Defendants entered into a Stipulation for Entry of Judgment on August 19, 2011.

The stipulation stated that the Zipperts assigned to Taylor Transportation, Inc., a $100,000 certificate of deposit, that Defendants "will use their best efforts to ensure that the proceeds of the CD are disbursed to TAYLOR TRANSPORTATION, INC., on or before August 31, 2011," and that "[t]he maturity date of the CD shall be no later than June 30, 2012." It stated that Defendants would pay Taylor $5,000 by August 31, 2011, and another $5,000 by September 30, 2011, and would deliver those payments to Taylor's attorneys. It also stated that Defendants stipulated to entry of a judgment against them for fraud in the amount of $195,000, and it included the judgment as an attachment. The stipulation stated that Taylor could have the judgment entered on or after September 1, 2011, without further notice to Defendants. It stated further that upon Taylor's receipt of the two $5,000 payments and the proceeds of the $100,000 certificate of deposit, Taylor would file an acknowledgment of full satisfaction of judgment in both this action and case No. 1.

The stipulation stated that if Defendants failed to timely make either of the $5,000 payments or Taylor failed to receive the proceeds of the certificate of deposit by June 30, 2012, "TAYLOR shall be entitled to pursue all available collection remedies to collect the judgment being entered in this ACTION pursuant to this Stipulation." Zippy's also executed an assignment of the $100,000 certificate of deposit to Taylor Transportation, Inc., on August 19, 2011.

2.     *Initial Settlement Payments to Taylor*

Defendants' counsel sent Taylor's counsel a $5,000 check on August 26, 2011, pursuant to the stipulation, and sent him another $5,000 check on September 22, 2011. The second check had not arrived by October 3, 2011, so Taylor's counsel, Wayne S. Marshall, granted an extension of time to deliver the second payment. Marshall received the second $5,000 payment by wire transfer on October 5, 2011.

3

3.      *Entry of Stipulated Judgment*

Taylor requested entry of judgment on the stipulation on October 27, 2011. Taylor's counsel represented to the trial court that Taylor had settled with Defendants and that the stipulation allowed for entry of judgment without further notice. The trial court granted the request and, on October 28, 2011, entered a judgment in this action on the stipulation awarding Taylor $195,000 against Defendants "for fraud." (Capitalization omitted.)

4.      *Assignments of Judgment*

Taylor assigned the judgments in this case and in case No. 1 to Hixon on December 19, 2011. Hixon served a notice of the assignment in this case on February 15, 2012.

5.      *Dispute Concerning the Certificate of Deposit*

Hixon obtained writs of execution on the judgments in this case and in case No. 1 in March 2012. He levied Defendants' bank account on April 2, 2012, receiving $6,613. He also attempted to levy the $100,000 certificate of deposit. Taylor had previously caused the sheriff to levy the certificate of deposit in October 2010 pursuant to a writ of execution on the judgment in case No. 1, but the bank did not release the funds at that time, apparently because the certificate of deposit had not yet matured. The bank released the proceeds of the certificate of deposit in the amount of $100,472.90 to the sheriff on June 28, 2012.

The parties disputed the right to the proceeds of the certificate of deposit. The trial court in case No. 1 decided that Hixon was entitled to the proceeds and on October 19, 2012, ordered the sheriff to disburse the proceeds to Hixon as Taylor's assignee.

6.      *Other Events*

Other events in this action and other actions involving some of the same parties are described in our opinion in *Hixon v. Zippy's Currency X-Change, Inc.*, *supra*, B256439, filed concurrently with this opinion.

4

7. *Demand and Motion for Acknowledgment of Satisfaction of Judgment*

Defendants sent a letter to Hixon's counsel in April 2014 stating that they had fully performed their obligations under the Stipulation for Entry of Judgment. They demanded that Hixon or his counsel execute an acknowledgment of full satisfaction of judgment in this action and the prior action. They received no response to the letter.

Defendants filed a motion to compel an acknowledgment of full satisfaction of judgment in this action in May 2014. They argued that they had fully performed their obligations under the Stipulation for Entry of Judgment and were entitled to an acknowledgment that the judgment was fully satisfied. They filed declarations by their counsel and exhibits in support of the motion.

Hixon argued in opposition to the motion that the trial court in this action and other actions had previously determined that Defendants did not timely pay the amounts due under the Stipulation for Entry of Judgment. He argued that the motion was a disguised motion for reconsideration (Code Civ. Proc., § 1008, subd. (a)) of prior orders and that the doctrines of res judicata and collateral estoppel precluded the relitigation of issues that Defendants had asserted unsuccessfully in prior proceedings. He also argued that Defendants failed to prove that they had timely and fully complied with their obligations under the Stipulation for Entry of Judgment or that they had actually satisfied the judgment. Hixon filed declarations and exhibits in support of his opposition. He also filed evidentiary objections.

The trial court conducted a hearing on the motion on June 2, 2014, orally announced its decision on June 6, 2014, and filed a minute order on June 9, 2014, explaining its decision. The minute order stated that Defendants had fully satisfied all of the conditions under the Stipulation for Entry of Judgment and therefore were entitled to an acknowledgment of full satisfaction of judgment. It stated that Defendants assigned the $100,000 certificate of deposit by August 31, 2011, timely paid $5,000 on August 31, 2011, and paid another $5,000 after the due date of September 30, 2011, with Taylor's consent. It also stated that Taylor timely received the proceeds of the certificate of deposit by June 30, 2011 [*sic*]. It stated that the court had carefully

5

examined the prior proceedings and concluded that the requirements for collateral estoppel were not satisfied. It stated:

"Although many of the proceedings involved the argument that the second $5000 check was not timely received and/or the proceeds from the CD were not received by Taylor or Hixon by June 30, 2011 [*sic*], the required elements for collateral estoppel were not met as to any of the proceedings. In every case either there was no full and fair proceeding (as with most of the ex parte applications); or the decision actually reached did not concern the $5000 or the CD (as with several of the ex partes where the sole issue was irreparable injury); or the issues were not conclusively determined against the Defendants (such as the non-suit and motion for a new trial); or there was a different standard of proof at the prior hearing than on the current motion (as with the decision on the anti-SLAPP motion). It is true one side or the other mentioned the second $5000 check and/or the CD proceeds in just about all these proceedings, but in none of them did Hixon or his predecessor demonstrate a final decision, after a full and fair hearing where the issue to be estopped was necessarily and conclusively established against the Defendants."

Hixon timely appealed the order.

### *CONTENTIONS*

Hixon does not challenge the sufficiency of the evidence supporting the trial court's finding that Defendants satisfied all of the conditions under the Stipulation for Entry of Judgment so as to require an acknowledgment of full satisfaction of judgment. Instead, he contends the trial court erred because (1) the motion to compel an acknowledgment of satisfaction of judgment was a collateral attack on the judgment, and the order granting the motion improperly undermines the finality of the judgment; (2) the doctrines of collateral estoppel and res judicata preclude the relitigation of claims and issues that were conclusively decided in prior proceedings in this case and other cases; and (3) the motion was a disguised motion for reconsideration (Code Civ. Proc., § 1008, subd. (a)) and Defendants failed to satisfy the statutory requirements for such a motion.

6

## *DISCUSSION*

1. *The Order Is an Appealable Collateral Order*

An order granting or denying a motion to compel an acknowledgment of satisfaction of judgment ordinarily is appealable as an order made after an appealable judgment (Code Civ. Proc., § 904.1, subd. (a)(2)). (*Horath v. Hess* (2014) 225 Cal.App.4th 456, 462.) But a stipulated judgment generally is not appealable (*Flannery v. Prentice* (2001) 26 Cal.4th 572, 591), so a subsequent order is not appealable under Code of Civil Procedure section 904.1, subdivision (a)(2). (*City of Gardena v. Rikuo Corp.* (2011) 192 Cal.App.4th 595, 601.)

"When a court renders an interlocutory order collateral to the main issue, dispositive of the rights of the parties in relation to the collateral matter, and directing payment of money or performance of an act, direct appeal may be taken." (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368.) The order here finally determines that the judgment is fully satisfied, does not decide the parties' rights or obligations with respect to the causes of action alleged in the complaint, and directs the filing of an acknowledgment of satisfaction of judgment. We conclude that the order satisfies all of the requirements for an appealable collateral order and therefore is appealable under the collateral order doctrine.

2. *The Order Does Not Undermine the Finality of the Judgment*

Hixon contends the motion to compel an acknowledgment of satisfaction of judgment was a collateral attack on the judgment. He argues that the trial court looked behind the judgment and improperly undermined its finality by determining that Defendants' payment of less than the face amount of the judgment satisfied the judgment. He argues that the judgment superseded the Stipulation for Entry of Judgment and extinguished all rights and obligations under the stipulation. Hixon did not assert this argument in the trial court.

An appellate court ordinarily will not consider an argument made for the first time on appeal. (*Mattco Forge, Inc. v. Arthur Young & Co.* (1997) 52 Cal.App.4th 820, 847.) We have the discretion to consider for the first time on appeal an issue of law

7

based on undisputed facts, but we will not consider a new issue if the failure to raise the issue in the trial court deprived an opposing party of the opportunity to present relevant evidence that, if considered by the trial court, might have affected its ruling. (*Ward v. Taggart* (1959) 51 Cal.2d 736, 742; *Richmond v. Dart Industries, Inc.* (1987) 196 Cal.App.3d 869, 879.) Hixon's new argument raises only legal issues, so we will consider the new argument despite his failure to assert the argument in the trial court.

Code of Civil Procedure section 724.050 states that if a judgment has been satisfied, the judgment debtor may serve a written demand that the judgment creditor file, or execute and deliver to the judgment debtor, an acknowledgment of satisfaction of judgment. (*Id.*, subd. (a).) If the judgment creditor fails to timely comply with the demand, the judgment debtor may move for an order compelling the judgment creditor to comply with the demand. (*Id.*, subd. (d).) Subdivision (d) states, "If the court determines that the judgment has been satisfied and that the judgment creditor has not complied with the demand, the court shall either (1) order the judgment creditor to comply with the demand or (2) order the court clerk to enter satisfaction of the judgment."

A court ruling on a motion under the statute has the authority to determine whether the judgment creditor agreed to accept less than the face value of the judgment as full satisfaction of the judgment. (*Horath v. Hess*, *supra*, 225 Cal.App.4th at p. 468.) If the judgment creditor so agreed, an order compelling an acknowledgment of satisfaction of judgment does not undermine the finality of the judgment. Instead, such an order merely enforces the judgment creditor's agreement to accept a specified performance, in lieu of the face amount of the judgment, as payment in full. Such an agreement is enforceable whether the agreement was made before or after the entry of judgment. (*Id.* at pp. 468-469.)

We reject the argument that the judgment superseded the Stipulation for Entry of Judgment and extinguished all rights and obligations under the stipulation. The judgment was entered pursuant to the stipulation. The entry of judgment was an integral part of the parties' agreement, as was the filing of an acknowledgment of

8

satisfaction of judgment upon receipt of the agreed payments. There is no indication that the parties intended the judgment to supersede the stipulation, and the parties' clear intention was that Defendants would be entitled to an acknowledgment of satisfaction of judgment upon Taylor's receipt of the agreed payments. Hixon cites no valid authority for the proposition that the judgment superseded the stipulation despite the parties' clear intention to the contrary.

*Diamond Heights Village Assn., Inc. v. Financial Freedom Senior Funding Corp.* (2011) 196 Cal.App.4th 290 (*Diamond Heights*), cited by Hixon, is not on point. *Diamond Heights* involved the doctrines of res judicata and merger. *Diamond Heights* stated:

" '[W]hen a final judgment is entered, all causes of action arising from the same obligation are merged into the judgment and all alternative remedies to enforce that obligation extinguished by the judgment granting one of those remedies. [Citation.] The creditor cannot thereafter enforce the original obligation, because the judgment " ' . . . creates a new debt or liability, distinct from the original claim or demand, and this new liability is not merely *evidence* of the creditor's claim, but is thereafter the *substance* of the claim itself.' " ([Citation], italics in original.) In other words, the . . . judgment extinguishes the contractual rights and remedies previously extant, substituting in their place *only such rights as attach to a judgment*.' [Citation.]" (*Diamond Heights*, *supra*, 196 Cal.App.4th at pp. 301-302.)

The original obligation here was not the stipulation, but the obligation arising from the causes of action alleged in Taylor's complaint against Defendants. Those causes of action were extinguished and merged into the judgment. The Stipulation for Entry of Judgment, in contrast, was not extinguished.

2. *Collateral Estoppel and Res Judicata Are Inapplicable*

   a. *Collateral Estoppel*

Hixon contends the trial court in case No. 3 conclusively decided that Defendants failed to prove that they timely paid the amounts due under the Stipulation for Entry of Judgment. He argues that the nonsuit in case No. 3 is collateral estoppel on that issue

9

and precludes the relitigation of the same issue in this action.  He also contends the judgments in this action and in case No. 1, rulings on ex parte applications, and other rulings are collateral estoppel in this action.

Collateral estoppel, or issue preclusion, precludes the relitigation of an issue that was argued and decided in a prior proceeding.  (*Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 511 (*Hernandez*).)  Collateral estoppel applies only if (1) the issue to be precluded is identical to an issue decided in a prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the issue was necessarily decided in the prior proceeding; (4) the decision in the prior proceeding is final and on the merits; and (5) the party against whom collateral estoppel is asserted was a party to the prior proceeding or in privity with a party to the prior proceeding.  (*Ibid.*)

" 'The "identical issue" requirement addresses whether "identical factual allegations" are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same.  [Citation.]'  [Citation.]"  (*Hernandez, supra*, 46 Cal.4th at p. 512.)  An issue was "actually litigated" only if it was properly raised, submitted for determination, and decided in the prior proceeding.  (*Id.* at p. 511.)  If these requirements are satisfied, an issue was "necessarily decided" unless the resolution of the issue was " 'entirely unnecessary' " to the judgment in the prior proceeding. (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 342 (*Lucido*).)

The party asserting collateral estoppel bears the burden to show that all of these requirements are satisfied.  (*Pacific Lumber Co. v. State Water Resources Control Bd.* (2006) 37 Cal.4th 921, 943.)  Even if these requirements are satisfied, courts will not apply collateral estoppel if considerations of policy or fairness outweigh the doctrine's purposes as applied in a particular case (*Lucido v. Superior Court, supra,* 51 Cal.3d at pp. 342-343), or the party to be estopped had no full and fair opportunity to litigate the issue in the prior proceeding.  (*Zevnik v. Superior Court* (2008) 159 Cal.App.4th 76, 82.)  Whether collateral estoppel applies is a question of law that we review do novo. (*Jenkins v. County of Riverside* (2006) 138 Cal.App.4th 593, 618.)

Hixon discusses the doctrine of collateral estoppel only in general terms. He states that the prior rulings involved some of the same factual allegations and that the issues were the same as those presented in the motion to compel an acknowledgment of satisfaction of judgment. But he ignores the trial court's express ruling that as to each of the prior rulings there either was no full and fair opportunity to litigate the issue, the issue of Defendants' timely payment was not actually decided or was not conclusively determined or necessarily decided, or there was a different standard of proof. We conclude that by failing to discuss the specific requirements of collateral estoppel and explain how they are satisfied here and by failing to address the trial court's ruling, Hixon has failed to show that collateral estoppel applies and has shown no error in the court's ruling.

> b.      *Res Judicata*

Hixon contends the judgment in case No. 3, and the judgments in case No. 1 and this case, conclusively determined the parties' rights and obligations with respect to the causes of action alleged. He argues that the doctrine of res judicata precludes the relitigation of the same matters in connection with the motion to compel an acknowledgment of satisfaction of judgment and also precludes the litigation of any issues that could have been litigated in the prior proceedings.

Res judicata, or claim preclusion, precludes the relitigation of a cause of action that was litigated in a prior proceeding between the same parties or parties in privity with them. (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 897.) Res judicata applies only if (1) the cause of action in the present action is the same as the cause of action in the prior proceeding; (2) the decision in the prior proceeding is final and on the merits; and (3) the parties in the present action or parties in privity with them were parties to the prior proceeding. (*Ibid.*; *Federation of Hillside & Canyon Assns. v. City of Los Angeles* (2004) 126 Cal.App.4th 1180, 1202.) "Res judicata not only precludes the relitigation of issues that were actually litigated, but also precludes the litigation of issues that could have been litigated in the prior proceeding. [Citations.]" (*Bullock v. Philip Morris USA, Inc.* (2011) 198 Cal.App.4th 543, 557 (*Bullock*).)

11

"For purposes of res judicata, a cause of action consists of the plaintiff's primary right to be free from a particular injury, the defendant's corresponding primary duty and the defendant's wrongful act in breach of that duty. [Citation.] The violation of a primary right gives rise to only a single cause of action. [Citation.] The plaintiff's indivisible primary right must be distinguished from both the legal theory on which the plaintiff seeks relief and the remedy sought. The plaintiff may seek various remedies based on different legal theories, all arising from a single cause of action. [Citation.]" (*Bullock*, *supra*, 198 Cal.App.4th at p. 557.) Whether res judicata applies is a question of law that we review do novo. (*Noble v. Draper* (2008) 160 Cal.App.4th 1, 10.)

Hixon fails to discuss the specific requirements of res judicata and explain how they are satisfied here. Instead, he invokes the doctrine only in general terms. We conclude that he has failed to show that the doctrine applies and has shown no error in the trial court's ruling.

3.    *Code of Civil Procedure Section 1008 Is Inapplicable*

Hixon contends the motion to compel an acknowledgment of satisfaction of judgment was a disguised motion for reconsideration of prior rulings on Defendants' ex parte applications and motions, and Defendants failed to satisfy the statutory requirements for such a motion.

Code of Civil Procedure section 1008 governs motions for reconsideration of prior orders. A motion for reconsideration must be made to the same judge who made the prior order, must be made within 10 days after service on the moving party of a notice of entry of the order, must be based on "new or different facts, circumstances, or law," and must be supported by a declaration stating certain matters. (*Id.*, subd. (a).) "The name of a motion is not controlling, and, regardless of the name, a motion asking the trial court to decide the same matter previously ruled on is a motion for reconsideration under Code of Civil Procedure section 1008. [Citation.]" (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1577.)

Defendants moved for an order compelling an acknowledgment of satisfaction of judgment for the first time in May 2014. Defendants had previously filed ex parte

applications in this action and other actions to quash Hixon's writs of execution, stay his enforcement of the judgments, and for other relief. They argued in those ex parte applications and on other motions that they had satisfied their obligations under the Stipulation for Entry of Judgment and that Hixon therefore had no right to enforce the judgment. The trial court decided for various reasons that Defendants were not entitled to the requested relief.

We conclude that the motion to compel an acknowledgment of satisfaction of judgment was a distinct motion seeking relief different from the relief previously sought and was not a motion for reconsideration of a prior order. The statutory requirements applicable to a motion for reconsideration therefore were inapplicable. Hixon has shown no error in the trial court's ruling.

### *DISPOSITION*

The order directing Hixon to file an acknowledgment of satisfaction of judgment is affirmed. Defendants are entitled to costs on appeal.

### *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*

JONES, J.[*]

WE CONCUR:

EDMON, P. J.                                    KITCHING, J.

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.