**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE RICHARD STERBA; OLGA STERBA, <br> *Debtors*, | No. 14-60061 <br><br> BAP No. <br> 13-1590 |
| PNC BANK, <br> *Appellant*, <br><br> v. <br><br> RICHARD STERBA AND OLGA STERBA, <br> *Appellees*. | OPINION |
| LINDA S. GREEN, Chapter 7 Trustee, <br> *Real-party-in-interest*. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Dunn, and Jury, Bankruptcy Judges, Presiding

Submitted October 18, 2016[*]
San Francisco, California

Filed April 5, 2017

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

Before: A. Wallace Tashima and Milan D. Smith, Jr.,
Circuit Judges, and Edward R. Korman,[**] District Judge.

Opinion by Judge Korman;
Concurrence by Judge Tashima

## SUMMARY[***]

### Bankruptcy

The panel reversed the Bankruptcy Appellate Panel's reversal of the bankruptcy court's ruling that a creditor's claim was timely.

The creditor's claim was based on a promissory note on real property in California. The claim would be barred by a four-year California statute of limitations but not by a six-year Ohio statute of limitations. The bankruptcy court ruled that the Ohio statute of limitations applied because the promissory note stated that it would be governed by the laws of Ohio.

The panel held that under federal common law, the contractual choice-of-law provision did not expressly include the statute of limitations and therefore was silent on the issue. Under § 142 of the Restatement (Second) of Conflict of

---

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Laws, the statute of limitations of the forum state, California, would generally apply. Exceptional circumstances, however, directed the application of the Ohio statute of limitations because the unique strictures of the Bankruptcy Code meant that, through no fault of the creditor, the only forum for its claim was the Northern District of California.

Concurring in the judgment, Judge Tashima wrote that, under § 187 of the Restatement, the law of Ohio, the state chosen by the parties, must be applied.

## COUNSEL

Douglas B. Provencher and Janis H. Grattan, Provencher & Flatt LLP, Santa Rosa, California, for Appellant.

Thomas P. Kelly III, Santa Rosa, California, for Appellees.

# OPINION

KORMAN, District Judge:

When it comes to conflicts of law, bankruptcy is a bit of an odd duck. The substantive focus is often on state law, as it always is in diversity cases. But where a federal court sitting in diversity applies the forum state's choice-of-law rules—a straightforward policy that prevents the forum's federal character from determining the outcome of disputes that are really about state law—we have held that in bankruptcy, federal choice-of-law rules control which state's law applies. *Lindsay v. Beneficial Reinsurance Co.* (*In re Lindsay*), 59 F.3d 942, 948 (9th Cir. 1995).[1]

This case adds another wrinkle: The dispute here arises out of a clause in a promissory note providing that it should be construed according to Ohio law. So we face two issues—one sounding in contract, the other in conflict of laws. The first is whether such a general choice of law clause encompasses issues relating to the statute of limitations, or whether the parties to an agreement must select a limitations period expressly if they want to do so at all? The second is, if the parties must select a statute of limitations expressly and fail to do so, how should a bankruptcy court determine which state's limitations period applies?

---

[1] There is a circuit split on this issue. *Compare In re Lindsay with Bianco v. Erkins* (*In re Gaston & Snow*), 243 F.3d 599, 605–7 (2d Cir. 2001) (holding that the forum state's choice-of-law rules apply in the absence of a strong federal interest), *and Compliance Marine, Inc. v. Campbell* (*In re Merritt Dredging Co., Inc.*), 839 F.2d 203, 206 (4th Cir. 1988) (same).

**BACKGROUND**

In 2007, the Sterbas bought a condo in California. They took out two loans secured by liens against the property, of which National City Bank held the junior one. The Sterbas' promissory note to National City provided in relevant part that: "[T]he Bank is a national bank located in Ohio and Bank's decision to make this Loan . . . was made in Ohio. Therefore, this Note shall be governed by and construed in accordance with . . . the laws of Ohio . . . without regard to conflict of law principles." Less than a year after the loans were made, the Sterbas defaulted, the senior lender foreclosed, and National City was left holding the bag for $42,000.

When the Sterbas filed for bankruptcy in the Northern District of California in 2013, PNC Bank (National City's successor in interest) filed a claim based on the 2007 note. The Sterbas objected, contending that the claim was barred by California's applicable four-year statute of limitations. *See* CAL. CODE CIV. PROC. § 337. PNC, in turn, argued that the claim was timely because the promissory note's choice of Ohio law incorporated Ohio's six-year limitations period. *See* OHIO REV. CODE § 1303.16.

The bankruptcy judge agreed that the promissory note selected Ohio's six-year limitations period, and overruled the Sterbas' objection. The Bankruptcy Appellate Panel reversed. PNC appeals from the BAP's decision.

**DISCUSSION**

Ordinarily, when parties to an agreement select the law they want to govern an issue, federal courts will enforce that

choice. *See, e.g.*, *Flores v. Am. Seafoods Co.*, 335 F.3d 904, 916–19 (9th Cir. 2003). But where a choice-of-law provision does not expressly include the statute of limitations, we have construed it as silent on the issue. In *Des Brisay v. Goldfield Corp.*—a federal securities case—we applied federal common law to hold that a clause providing for a contract to "be governed by and interpreted according to the laws of the [Canadian] province of British Columbia," did not include the statute of limitations. 637 F.2d 680, 682 (9th Cir. 1981). The contractual choice-of-law provision in this case, adopting Ohio law, is materially identical to the one we construed in *Des Brisay.*

Our holding in *Des Brisay* was based on our recognition that choice-of-law provisions are concerned mainly with substantive law, and "generally do not contemplate . . . statutes of limitation," which are "usually considered" a matter of local procedure "related to judicial administration." *Id.* (citing Restatement (Second) of Conflict of Laws § 122 cmt. a). Unbound by the contractual choice-of-law provision, we went on to hold that "[t]he rule in federal securities actions is to apply the applicable limitations period of the state in which the federal court sits. *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 210 n.29 (1976)." *Id.* (additional citations omitted). As the citation to *Ernst & Ernst* suggests, this holding was based on the principle that where "no statute of limitations is provided for" a federal cause of action, "the law of limitations of the forum State is followed." *Ernst & Ernst*, 425 U.S. at 210 n.29.

Unlike *Des Brisay*, this is not a federal securities case premised on an implied right of action. Nor is this a case, like those arising under 42 U.S.C. § 1983, where Congress has created a right of action but remained silent as to the

applicable limitations period. The fact that *Des Brisay* involved a suit under an implied right of action allowed us, in the absence of an effective choice by the parties, to apply the simple, well-established rule that a federal right of action for which no statute of limitations is provided is subject to the limitations period which the forum state applies to analogous claims. *Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985).

Rather than an implied cause of action under federal law, this case involves a common-law action on a promissory note, for which both Ohio and California have statutorily prescribed a statute of limitations. So while *Des Brisay* resolves the contractual issue in this case, it does not dispose of the conflicts-of-law problem that results. Under these circumstances, the applicable rule is prescribed by § 142 of the Restatement (Second) of Conflict of Laws, which addresses conflicts between statutes of limitation.

Federal choice-of-law rules in the Ninth Circuit follow the Restatement (Second) of Conflict of Laws, *see Liberty Tool, & Mfg.* (*In re Vortex Fishing Systems*), 277 F.3d 1057, 1069 (9th Cir. 2001), as a "source of general choice-of-law principles," and "an appropriate starting point for applying federal common law in this area." *Harris v. Polskie Linie Lotnicze*, 820 F.2d 1000, 1003 (9th Cir. 1987). More recently, in *Flores v. American Seafoods Co.*, we observed that we only "consider[ed] the principles stated in [the] Restatement (Second) of Conflict of Laws § 187 to the extent we conclude . . . that they are persuasive." 335 F.3d 904, 919 (9th Cir. 2003). We have directly adopted § 142, the particular provision of the Second Restatement applicable here.

The 1971 version of § 142 provides that "(1) An action will not be maintained if it is barred by the statute of

limitations of the forum, including a provision borrowing the statute of limitations of another state." The 1988 version of § 142 is similarly worded, except that it provides a limited carve-out for "exceptional circumstances." Specifically and in relevant part, it reads as follows: "[I]n general, unless the *exceptional circumstances* of the case make such a result unreasonable . . . The forum will apply its own statute of limitations barring the claim." (emphasis added).

The Second Restatement's preference for the forum state's statute of limitations, in cases where it has the shorter limitations period, is based on the policy that "[a] state has a substantial interest in preventing the prosecution in its courts of claims which it deems to be 'stale.'" § 142, cmt. f (1988).[2] In the ordinary case, that interest is treated as controlling because vindicating it imposes no real prejudice on the time-barred party—dismissal of a claim as barred by the statute of limitations generally "does not constitute a judgment on the merits," and following such a dismissal "the plaintiff will usually remain free to sue" in a state with a more generous limitations period. *Id.* But where a countervailing interest exists such that "under the special circumstances of the case

---

[2] We pass over the fact that, under the circumstances of this case, California has no interest in barring PNC's claim. California law would allow the parties to select their own limitations period, even if they wanted one longer than that prescribed by the California Legislature. *See ABF Capital Corp. v. Berglass*, 30 Cal. Rptr. 3d 588, 594 (Cal. App. 2005). California's willingness to do so suggests that it is not concerned as much with preventing the prosecution of stale claims as it is with vindicating the interest of contracting parties in seeing their agreements enforced. Indeed, California has adopted § 187 of the Second Restatement, which broadly enforces "[t]he law of the state chosen by the parties to govern their contractual rights and duties." *See Nedlloyd Lines B.V. v. Superior Court*, 834 P.2d 1148, 1150–51 (Cal. 1992).

dismissal . . . would be unjust," the forum (here, California) will apply another state's longer statute of limitations. *Id.*

The application of § 142 compels the conclusion that California's shorter statute of limitations does not apply here, because this case presents the sort of "exceptional circumstances" under which the 1988 version of the Second Restatement looks past the law of the forum, and applies a longer foreign limitations period. The Restatement, to be sure, does not provide an exhaustive or technical definition of an exceptional circumstance. Nevertheless, the comment to the 1988 version of § 142 makes clear that the present case comes within that category. Indeed, this case is on all fours with the Restatement's *only* example of what would constitute such a "special," "unjust" circumstance: "[W]hen through no fault of the plaintiff an alternative forum is not available as, for example, where jurisdiction could not be obtained over the defendant in any [other] state . . . ." *Id.*

Here—exactly as the comment describes—the unique strictures of the bankruptcy code mean that, through no fault of PNC's, there is no forum for its claim other than the Northern District of California. This is not a case filed voluntarily in California, in which a dismissal on statute of limitations grounds would be without prejudice to bringing the same claim in Ohio. *See Mid-Century Ins. Co. v. Superior Court*, 41 Cal. Rptr. 3d 833, 837 (Cal. App. 2006). Rather, once the Sterbas declared bankruptcy, PNC was obligated to bring all its claims in the district where the Sterbas filed. Under these circumstances, to reject PNC's claim as time-barred would be the functional equivalent of a dismissal on the merits. Where another jurisdiction—National City's home state of Ohio—would hear the claim, and has a substantial interest in its resolution, disallowing it by mechanical

adoption of California's statute of limitations would be wholly unreasonable. We hold that under these exceptional circumstances, the bankruptcy court was correct to apply Ohio's six-year statute of limitations and overrule the Sterbas' objection to PNC's claim.

*Des Brisay*'s decision to rely on the 1971 version of § 122 of the Second Restatement, to hold that an agreement selecting a statute of limitations must do so expressly, does not bind us to apply the 1971 version of § 142—which is identical to the 1988 version, with the exception of the narrow carve-out for "exceptional circumstances" on which we base our decision. There is clear Ninth Circuit precedent adopting the 1988 version of § 142. In *Huynh v. Chase Manhattan Bank*, a federal-question case where the underlying rights at stake (in deposits held by American banks in Vietnam) were not created by federal law, we held that "[f]ederal common law follows the approach outlined in the Restatement (Second) of Conflict of Laws," and that "[a]ccordingly, *barring exceptional circumstances*" we would select a statute of limitations by following the approach outlined in the 1988 version of § 142. 465 F.3d 992, 997 (9th Cir. 2006) (emphasis added). While the panel in *Huynh* eventually applied the statute of limitations dictated by a straightforward application of § 142, it did so only after expressly determining that such exceptional circumstances were not in fact present. *See id.* at 1005.

Moreover, *Des Brisay* did not rely on either the 1971 or 1988 version of § 142. Rather, because it was decided in 1981, it relied on the comment to the 1971 version of § 122, the text of which provides that a court will generally apply its local law "prescribing how litigation shall be conducted," and does not specifically address the statute of limitations. The

comment to which *Des Brisay* cites, however, does point to the statute of limitations as an example of a rule "primarily concern[ing] judicial administration," with respect to which "the forum will *usually* apply its own rule." § 122 cmt. a (1971) (citing § 142) (emphasis added).

We need not take issue with this aspect of *Des Brisay*'s analysis, because it merely provided the basis for its holding that contractual choice-of-law provisions "generally" do not include the statute of limitations. *See* 637 F.2d at 682. Even if we had not already decided the question in *Huynh*, nothing in *Des Brisay* would require us to apply the 1971 version of § 142. Moreover, the difference between the 1971 and 1988 versions of § 142 is not significant. The 1988 version simply creates a very narrow exception to the general rule— essentially unchanged from 1971—that the law of the forum governs issues relating to the statute of limitations. Thus, even if we *were* forced by precedent to apply the 1971 version of § 142, adopting the kind of narrow exception to the general rule that now appears in the 1988 version would hardly create an "irreconcilable conflict," *Atonio v. Wards Cove Packing Co., Inc.*, 810 F.2d 1477, 1478–79 (9th Cir. 1987) (en banc), or threaten the "uniformity of the court's decisions," Fed. R. App. P. 35(a)(1), and we would not have to go en banc to do so.

## CONCLUSION

The judgement of the Bankruptcy Appellate Panel is **REVERSED**, and the case is **REMANDED** to the bankruptcy court for further proceedings consistent with this opinion.

TASHIMA, Circuit Judge, concurring in the judgment:

Although the majority reaches the correct result, it gets there by an unnecessarily circuitous route. Because I believe there is a more direct route, that is not only shorter, but preferable, I concur in the judgment only.

The promissory note at issue in this case contains the following choice-of-law provision:

> [T]his Note shall be governed by and construed in accordance with . . . the laws of Ohio, to the extent Ohio laws are not preempted by federal laws or regulations, *and without regard to conflict of law principles.*[1]

(Emphasis added.)   The question we should be asking ourselves is whether there is any valid reason why the parties' choice-of-law should not be honored?   As the majority recognizes, Maj. Op. at 4 & 7, because this is a federal question case, federal choice-of-law rules, which generally follow the Restatement (Second) of Conflict of Laws ("Restatement"), apply. *See Liberty Tool & Mfg. v. Vortex Fishing Sys., Inc. (In re Vortex Fishing Sys., Inc.)*, 277 F.3d 1057, 1069 (9th Cir. 2001).

---

[1] The majority completely ignores this italicized phrase in its analysis, noting only that "[t]he contractual choice-of-law provision in this case, adopting Ohio law, is materially identical to the one we construed in *Des Brisay*." Maj. Op. at 6. But, of course, the choice-of-law provision at issue in *Des Brisay* did not include a provision like or comparable to the italicized phrase quoted in the text, above. *See Des Brisay v. Goldfield Corp.*, 637 F.2d 680, 682 (9th Cir. 1981).

In turn, § 187 of the Restatement provides that "[t]he law of the state chosen by the parties . . . will be applied . . . ." We have consistently honored the parties' choice-of-law, including provisions of similar import to the italicized provision in this case that the chosen law applies "without regard to conflict of law principles." *See, e.g.*, *Mortensen v. Bresnan Comm'cns, LLC*, 722 F.3d 1151, 1155 (9th Cir. 2013) (applying New York law "without regard to New York's choice of law principles" (footnote omitted)); *Fuku-Bonsai, Inc. v. E.I. DuPont de Nemours & Co.*, 187 F.3d 1031, 1033 n.3 (9th Cir. 1999) (applying Delaware law "without giving effect to the conflict of laws or choice of law provisions thereof"); *id.* at 1034 ("it is agreed that Delaware law applies") (Boochever, J., dissenting).

Under this line of cases and § 187, there is no reason not to give effect to the parties' choice-of-law, which included their choice of the Ohio statute of limitations. That choice was made by inclusion of the phrase "without regard to conflict of law principles," which, in this case, means without regard to any analysis that would otherwise be called for under § 142 of the Restatement. Thus, the majority's extended analysis of how § 142 should be applied in this case contravenes the parties' choice-of-law that the Ohio statute of limitations should apply, "without regard to conflict of law principles."

For these reasons, I concur in the judgment **REVERSING** the judgment of the BAP and **REMANDING** for further proceedings.