Concurrence by Judge TASHIMA
OPINION
KORMAN, District Judge:
When it comes to conflicts of law, bankruptcy is a bit of an odd duck. The substantive focus is often on state law, as it always is in diversity eases. But where a federal court sitting in diversity applies the forum state’s choice-of-law rules — a straightforward policy that prevents the forum’s federal character from determining the outcome of disputes that are really about state law — we have held that in bankruptcy, federal choice-of-law rules control which state’s law applies. Lindsay v. Beneficial Reinsurance Co. (In re Lindsay), 59 F.3d 942, 948 (9th Cir. 1995).[1]
This case adds another wrinkle: The dispute here arises out of a clause in a promissory note providing that it should be construed according to Ohio law. So we face two issues — one sounding in contract, the other in conflict of laws. The first is whether such a general choice of law clause encompasses issues relating to the statute of limitations, or whether the parties to an agreement must select a limitations period expressly if they want to do so at all? The second is, if the parties must select a statute of limitations expressly and fail to do so, how should a bankruptcy *1178 court determine which state’s limitations period applies?
BACKGROUND
In 2007, the Sterbas bought a condo in California. They took out two loans secured by liens against the property, of which National City Bank held the junior one. The Sterbas’ promissory note to National City provided in relevant part that: “[T]he Bank is a national bank located in Ohio and Bank’s decision to make this Loan ... was made in Ohio. Therefore, this Note shall be governed by and construed in accordance with ... the laws of Ohio ... without regard to conflict of law principles.” Less than a year after the loans were made, the Sterbas defaulted, the senior lender foreclosed, and National City was left holding the bag for $42,000.
When the Sterbas filed for bankruptcy in the Northern District of California in 2013, PNC Bank (National City’s successor in interest) filed a claim based on the 2007 note. The Sterbas objected, contending that the claim was barred by California’s applicable four-year statute of limitations. See Cal. Code Civ. Proc. § 337. PNC, in turn, argued that the claim was timely because the promissory note’s choice of Ohio law incorporated Ohio’s six-year limitations period. See Ohio Rev. Code § 1303.16.
The bankruptcy judge agreed that the promissory note selected Ohio’s six-year limitations period, and overruled the Ster-bas’ objection. The Bankruptcy Appellate Panel reversed. PNC appeals from the BAP’s decision.
DISCUSSION
Ordinarily, when parties to an agreement select the law they want to govern an issue, federal courts will enforce that choice. See, e.g., Flores v. Am. Seafoods Co., 335 F.3d 904, 916-19 (9th Cir. 2003). But where a choice-of-law provision does not expressly include the statute of limitations, we have construed it as silent on the issue. In Des Brisay v. Goldfield Corp.—a federal securities case — we applied federal common law to hold that a clause providing for a contract to “be governed by and interpreted according to the laws of the [Canadian] province of British Columbia,” did not include the statute of limitations. 637 F.2d 680, 682 (9th Cir. 1981). The contractual choice-of-law provision in this case, adopting Ohio law, is materially identical to the one we construed in Des Brisay.
Our holding in Des Brisay was based on our recognition that choice-of-law provisions are concerned mainly with substantive law, and “generally do not contemplate ... statutes of limitation,” which are “usually considered” a matter of local procedure “related to judicial administration.” Id. (citing Restatement (Second) of Conflict of Laws § 122 cmt. a). Unbound by the contractual choice-of-law provision, we went on to hold that “[t]he rule in federal securities actions is to apply the applicable limitations period of the state in which the federal court sits. Ernst & Ernst v. Hochfelder, 425 U.S. 185, 210 n.29, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976).” Id. (additional citations omitted). As the citation to Ernst & Ernst suggests, this holding was based on the principle that where “no statute of limitations is provided for” a federal cause of action, “the law of limitations of the forum State is followed.” Ernst & Ernst, 425 U.S. at 210 n.29, 96 S.Ct. 1375.
Unlike Des Brisay, this is not a federal securities case premised on an implied right of action. Nor is this a case, like those arising under 42 U.S.C. § 1983, where Congress has created a right of action but remained silent as to the applicable limitations period. The fact that Des Brisay involved a suit under an implied right of action allowed us, in the absence of *1179 an effective choice by the parties, to apply the simple, well-established rule that a federal right of action for which no statute of limitations is provided is subject to the limitations period which the forum state applies to analogous claims. Wilson v. Garcia, 471 U.S. 261, 266-67, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).
Rather than an implied cause of action under federal law, this case involves a common-law action on a promissory note, for which both Ohio and California have statutorily prescribed a statute of limitations. So while Des Brisay resolves the contractual issue in this case, it does not dispose of the conflicts-of-law problem that results. Under these circumstances, the applicable rule is prescribed by § 142 of the Restatement (Second) of Conflict of Laws, which addresses conflicts between statutes of limitation.
Federal choice-of-law rules in the Ninth Circuit follow the Restatement (Second) of Conflict of Laws, see Liberty Tool, & Mfg. (In re Vortex Fishing Systems), 277 F.3d 1057, 1069 (9th Cir. 2001), as a “source of general choice-of-law principles,” and “an appropriate starting point for applying federal common law in this area.” Harris v. Polskie Linie Lotnicze, 820 F.2d 1000, 1003 (9th Cir. 1987). More recently, in Flores v. American Seafoods Co., we observed that we only “considered] the principles stated in [the] Restatement (Second) of Conflict of Laws § 187 to the extent we conclude ... that they are persuasive.” 335 F.3d 904, 919 (9th Cir. 2003). We have directly adopted § 142, the particular provision of the Second Restatement applicable here.
The 1971 version of § 142 provides that “(1) An action will not be maintained if it is barred by the statute of limitations of the forum, including a provision borrowing the statute of limitations of another state.” The 1988 version of § 142 is similarly worded, except that it provides a limited carve-out for “exceptional circumstances.” Specifically and in relevant part, it reads as follows: “[I]n general, unless the exceptional circumstances of the case make such a result unreasonable ... The forum will apply its own statute of limitations barring the claim.” (emphasis added).
The Second Restatement’s preference for the forum state’s statute of limitations, in cases where it has the shorter limitations period, is based on the policy that “[a] state has a substantial interest in preventing the prosecution in its courts of claims which it deems to be ‘stale.’ ” § 142, cmt. f (1988).[2] In the ordinary case, that interest is treated as controlling because vindicating it imposes no real prejudice on the time-barred party — dismissal of a claim as barred by the statute of limitations generally “does not constitute a judgment on the merits,” and following such a dismissal “the plaintiff will usually remain. free to sue” in a state with a more generous limitations period. Id. But where a countervailing interest exists such that “under the special circumstances of the case dismissal ... would be unjust,” the forum (here, California) will apply another state’s longer statute of limitations. Id.
*1180 The application of § 142 compels the conclusion that California’s shorter statute of limitations does not apply here, because this case presents the sort of “exceptional circumstances” under which the 1988 version of the Second Restatement looks past the law of the forum, and applies a longer foreign limitations period. The Restatement, to be sure, does not provide an exhaustive or technical definition of an exceptional circumstance. Nevertheless, the comment to the 1988 version of § 142 makes clear that the present case comes within that category. Indeed, this case is on all fours with the Restatement’s only example of what would constitute such a “special,” “unjust” circumstance: “[W]hen through no fault of the plaintiff an alternative forum is not available as, for example, where jurisdiction could not be obtained over the defendant in any [other] state....” Id.
Here — exactly as the comment describes — the unique strictures of the bankruptcy code mean that, through no fault of PNC’s, there is no forum for its claim other than the Northern District of California. This is not a case filed voluntarily in California, in which a dismissal on statute of limitations grounds would be without prejudice to bringing the same claim in Ohio. See Mid-Century Ins. Co. v. Superior Court, 138 Cal.App.4th 769, 41 Cal.Rptr.3d 833, 837 (2006). Rather, once the Sterbas declared bankruptcy, PNC was obligated to bring all its claims in the district where the Sterbas filed. Under these circumstances, to reject PNC’s claim as time-barred would be the functional equivalent of a dismissal on the merits. Where another jurisdiction — National City’s home state of Ohio — would hear the claim, and has a substantial interest in its resolution, disallowing it by mechanical adoption of California’s statute of limitations would be wholly unreasonable. We hold that under these exceptional circumstances, the bankruptcy court was correct to apply Ohio’s six-year statute of limitations and overrule the Sterbas’ objection to PNC’s claim.
Des Brisay’s decision to rely on the 1971 version of § 122 of the Second Restatement, to hold that an agreement selecting a statute of limitations must do so expressly, does not bind us to apply the 1971 version of § 142 — which is identical to the 1988 version, with the exception of the narrow carve-out for “exceptional circumstances” on which we base our decision. There is clear Ninth Circuit precedent adopting the 1988 version of § 142. In Huynh v. Chase Manhattan Bank, a federal-question case where the underlying rights at stake (in deposits held by American banks in Vietnam) were not created by federal law, we held that “[fjederal common law follows the approach outlined in the Restatement (Second) of Conflict of Laws,” and that “[accordingly, barring exceptional circumstances” we would select a statute of limitations by following the approach outlined in the 1988 version of § 142. 465 F.3d 992, 997 (9th Cir. 2006) (emphasis added). While the panel in Huynh eventually applied the statute of limitations dictated by a straightforward application of § 142, it did so only after expressly determining that such exceptional circumstances were not in fact present. See id. at 1005.
Moreover, Des Brisay did not rely on either the 1971 or 1988 version of § 142. Rather, because it was decided in 1981, it relied on the comment to the 1971 version of § 122, the text of which provides that a court will generally apply its local law “prescribing how litigation shall be conducted,” and does not specifically address the statute of limitations. The comment to which Des Brisay cites, however, does point to the statute of limitations as an example of a rule “primarily concerning] judicial administration,” with respect to which “the forum will usually apply its *1181 own rule.” § 122 cmt. a (1971) (citing § 142) (emphasis added).
We need not take issue with this aspect of Des Brisay’s analysis, because it merely provided the basis for its holding that contractual choice-of-law provisions “generally” do not include the statute of limitations. See 637 F.2d at 682. Even if we had not already decided the question in Huynh, nothing in Des Brisay would require us to apply the 1971 version of § 142. Moreover, the difference between the 1971 and 1988 versions of § 142 is not significant. The 1988 version simply creates a very narrow exception to the general rule — essentially unchanged from 1971 — that the law of the forum governs issues relating to the statute of limitations. Thus, even if we were forced by precedent to apply the 1971 version of § 142, adopting the kind of narrow exception to the general rule that now appears in the 1988 version would hardly create an “irreconcilable conflict,” Atonio v. Wards Cove Packing Co., Inc., 810 F.2d 1477, 1478-79 (9th Cir. 1987) (en banc), or threaten the “uniformity of the court’s decisions,” Fed. R. App. P. 35(a)(1), and we would not have to go en banc to do so.
CONCLUSION
The judgement of the Bankruptcy Appellate Panel is REVERSED, and the case is REMANDED to the bankruptcy court for further proceedings consistent with this opinion.

. There is a circuit split on this issue. Compare In re Lindsay with Bianco v. Erkins (In re Gaston & Snow), 243 F.3d 599, 605-7 (2d Cir. 2001) (holding that the forum state's choice-of-law rules apply in the absence of a strong federal interest), and Compliance Marine, Inc. v. Campbell (In re Merritt Dredging Co., Inc.), 839 F.2d 203, 206 (4th Cir. 1988) (same).

. We pass over the fact that, under the circumstances of this case, California has no interest in barring PNC's claim. California law would allow the parties to select their own limitations period, even if they wanted one longer than that prescribed by the California Legislature. See ABF Capital Corp. v. Berglass, 130 Cal.App.4th 825, 30 Cal.Rptr.3d 588, 594 (2005). California’s willingness to do so suggests that it is not concerned as much with preventing the prosecution of stale claims as it is with vindicating the interest of contracting parties in seeing their agreements enforced. Indeed, California has adopted § 187 of the Second Restatement, which broadly enforces "[t]he law of the state chosen by the parties to govern their contractual rights and duties.” See Nedlloyd Lines B.V. v. Superior Court, 3 Cal.4th 459, 11 Cal.Rptr.2d 330, 834 P.2d 1148, 1150-51 (1992).